NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5113

JAMAR JAMES EVANS,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Jamar James Evans, of Atwater, California, pro se.

Robert C. Bigler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Peter D. Keisler, Acting Attorney General and Jeanne E. Davidson, Director, and Brian M. Simkin, Assistant Director.

Appealed from: United States Court of Federal Claims

Judge Margaret M. Sweeney

# United States Court of Appeals for the Federal Circuit

2007-5113

JAMAR JAMES EVANS,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:   October 9, 2007

_____

Before BRYSON, <u>Circuit Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>, and KEELEY, <u>Chief District Judge</u>.[*]

PER CURIAM.

The appellant, Jamar James Evans, challenges the United States Court of Federal Claims' dismissal for lack of subject matter jurisdiction of his suit seeking damages of $2.5 trillion.  We affirm.

I

This case grows out of disputes Evans had with the faculty and administration at California State University, Stanislaus while a student there.  He sued the United States Department of Education in the United States District Court for the Northern District of

---

[*]  Honorable Irene M. Keeley, Chief Judge, United States District Court for the Northern District of West Virginia, sitting by designation.

California (Compl. ¶ 11.).  The court dismissed this complaint for failure to state a claim upon which relief may be granted, without leave to amend.  (Compl. ¶ 12.).

Evans then filed the present suit in the Court of Federal Claims.  Evans invoked that court's jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1), and the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671-2680.

On the government's motion, the Court of Federal Claims dismissed the suit, without prejudice, for lack of subject matter jurisdiction.  The court noted that although "the Tucker Act is a waiver of the government's sovereign immunity," it "does not establish a substantive right of recovery."  The court pointed out that "jurisdiction" under the Tort Claims Act, upon which Evans relied, "is exclusively with United States district courts."  "Indeed, the Tucker Act expressly excludes tort claims from this court's jurisdiction."  "Thus, this court lacks jurisdiction to hear plaintiff's claims."  (citations omitted).

The court then stated:  "[a]dditionally, to the extent plaintiff's complaint alleges civil rights violations under Title VII of the Civil Rights Act, it is well-established that the Court of Federal Claims lacks jurisdiction over civil rights claims brought under Title VII of the Civicl Rights Act of 1964 or 42 U.S.C. § 1983."  (citations omitted).

II

The jurisdiction of the Court of Federal Claims is limited.  See United States v. King, 395 U.S. 1, 3 (1969).  As that court pointed out, its jurisdiction covers only "cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  Evans' claims based upon the Tort Claims Act are tort claims, over which the Court of Federal Claims has no jurisdiction. Berdick v. United States, 612 F.2d 533, 536 (Ct. Cl. 1979).  The United States district

courts have exclusive jurisdiction over claims under the Tort Claims Act.  See, e.g., Awad v. United States, 301 F.3d 1367, 1372 (Fed. Cir. 2002); Wood v. United States, 961 F.2d 195, 197 (Fed. Cir. 1992).

To whatever extent Evans may be asserting claims under Title VII of the Civil Rights Act, the Court of Federal Claims similarly would not have jurisdiction over them. Exclusive jurisdiction over such claims also lies in the United States district courts.  See 28 U.S.C. § 1343.

III

Evans requests that, if we affirm the dismissal of his suit, we should then transfer his case to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1631.  That section provides that if a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought . . . ."  We decline to do so.  It would not be "in the interest of justice" to transfer this case to the same district court that previously had dismissed, without leave to amend, Evans' prior complaint based upon substantially the same allegations as the present case, because Evans had failed to state a claim upon which relief could be granted.

CONCLUSION

The judgment of the United States Court of Federal Claims dismissing this case for lack of subject matter jurisdiction is

AFFIRMED.