George U. SEARLES, Jr., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 09–218C.

United States Court of Federal Claims.

Sept. 18, 2009.

George U. Searles, Washington, DC, pro se plaintiff.

David D'Alessandris, U.S. Department of Justice, Washington, DC, with whom were Tony West, Assistant Attorney General, and Jeanne E. Davidson, Director, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

FIRESTONE, Judge.

Pending before the court is the June 12, 2009 motion of the defendant ("United States" or "the government") to dismiss the complaint of the plaintiff, Mr. Searles. The government asks that the case be dismissed pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") for lack of subject matter jurisdiction. For the reasons that follow, the government's motion is **GRANTED.**

### A. Statement of Facts

Mr. Searles alleges that he is the owner of Omegaman Fireprotection ("Omegaman") and a disabled veteran. In July of 2006, Omegaman submitted a bid to replace sprinkler heads in eleven buildings at the National Institutes of Health ("NIH") (Contract Solici-

tation No. 292–06–p(HG)–0309).[1] Omegaman was not awarded the one-year contract.

The plaintiff's complaint indicates that Omegaman submitted the lowest bid for the contract ($98,060.00, as compared to the $118,187.96 bid submitted by DVS Industrial Products, which was awarded the contract). Plaintiff asserts that his company had the most experience related to the contract, as plaintiff had previously replaced sprinkler heads at NIH. Further, the plaintiff indicates that Omegaman offered the only bid that met all requirements of the contract solicitation. Despite these apparent qualifications, Omegaman was not awarded the contract. Plaintiff alleges discrimination in violation of the Jobs for Veterans Act, 28 U.S.C. §§ 4112, 4215, the Veterans Employment Opportunities Act, Pub.L. No. 105–339, 112 Stat. 3182, the Civil Rights Act of 1866, 42 U.S.C. § 1982, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17, the Civil Rights Act of 1968, Pub.L. No. 90–284, 82 Stat. 72, the Civil Rights Act of 1991, Pub.L. No. 102–166, 105 Stat. 1071, the Americans with Disabilities Act ("ADA"), Pub.L. No. 101–336, 104 Stat. 327, the Rehabilitation Act, 29 U.S.C. § 791, and Executive Order ("E.O.") 13,360, Exec. Order No. 13,360, 69 Fed.Reg. 62,549 (Oct. 26, 2004), resulting in the non-award of the contract, undue financial and emotional distress, and loss of personal property. Plaintiff seeks "$500,000,000 Dollars (Five Hundred Thousand Dollars) [sic]" in damages.

## B. Discussion

### 1. Standards of Review

■ The standards governing review of a RCFC 12(b)(1) motion to dismiss for lack of jurisdiction are well-settled. When ruling on a motion to dismiss for lack of jurisdiction or for failure to state a claim, the court assumes "that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal citations omitted); *Cambridge v. United States,* 558 F.3d 1331, 1335 (Fed.Cir.2009);

*Nw. Louisiana Fish & Game Pres. Comm'n v. United States,* 574 F.3d 1386 (Fed.Cir. 2009). While pro se plaintiffs are held to a lower standard of pleading than those represented by counsel, all those seeking to invoke the court's subject matter jurisdiction ultimately retain the burden of establishing that the jurisdictional requirements are met. *Keener v. United States,* 551 F.3d 1358, 1361 (Fed.Cir.2009). Subject matter jurisdiction may not be waived or forfeited; when a court concludes that it lacks jurisdiction, the complaint must be dismissed. *See John R. Sand & Gravel Co. v. United States,* 457 F.3d 1345, 1354 (Fed.Cir.2006), *aff'd,* 552 U.S. 130, 128 S.Ct. 750, 169 L.Ed.2d 591 (2008).

### 2. Jurisdiction of the Court of Federal Claims

■ Under the Tucker Act, the Court of Federal Claims has jurisdiction to hear claims that are "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a) (2008). The Tucker Act does not by itself create a right to money damages against the United States. Rather, the substantive right to money damages against the United States must extend from the constitutional provision, statute, contract, or regulation giving rise to the claim. *United States v. White Mountain Apache Tribe,* 537 U.S. 465, 472, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003). *See also James v. Caldera,* 159 F.3d 573, 580 (Fed.Cir.1998) ("What this means is that a Tucker Act plaintiff must assert a claim under a separate money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States.") (internal citations omitted).

■ However, this court's jurisdiction to hear claims for money damages against the United States is not without limitation. In some instances, Congress has vested another

---

1. The plaintiff's complaint indicates neither the exact date of his bid submission nor the number of other offerors submitting proposals.

federal court with the exclusive right to hear certain money claims against the United States. In such instances, the action does not fall within the Tucker Act and may not be heard in the Court of Federal Claims. *Lion Raisins, Inc. v. United States,* 416 F.3d 1356, 1372 (Fed.Cir.2005) (citing *Massie v. United States,* 166 F.3d 1184, 1188 (Fed.Cir. 1999)).

For the reasons set forth below, none of the constitutional, statutory, or regulatory provisions relied upon by the plaintiff in his complaint gives rise to a claim for money damages in this court, nor can the plaintiff's reliance on an executive order nor tort principles provide this court with jurisdiction.[2]

### 3. The Jobs for Veterans Act and Veterans Employment Opportunities Act Are Not Relevant to the Factual Scenario Outlined in Plaintiff's Complaint and Outside this Court's Jurisdiction.

The Plaintiff has not specified a particular section of the Jobs for Veterans Act providing the basis for his claim; the government assumes that the plaintiff is relying upon the section of the Act requiring that "[a] contract in the amount of $100,000 or more entered into by any department or agency of the United States for the procurement of personal property and nonpersonal services (including construction) for the United States, shall contain a provision requiring that the party contracting with the United States take affirmative action to employ and advance in employment qualified covered veterans." 38 U.S.C. § 4212(a)(1) (2008). The Jobs for Veterans Act is not a money-mandating statute that can confer jurisdiction

---

**2.** The plaintiff has not invoked this court's bid protest jurisdiction under 28 U.S.C. § 1491(b)(1) (2008), which gives the court the power to grant injunctive relief and award bid preparation costs in cases challenging the terms of a contract solicitation or contract award. 28 U.S.C. § 1491(b)(2) (2008). The court agrees with the government that had the plaintiff invoked this jurisdictional provision his action would not have been timely in any event. The subject one-year contract was awarded more than three years ago. There is no contract existing that the court might set aside. Further, Plaintiff is not seeking bid preparation costs, and this section does not authorize awarding damages.

upon the Court of Federal Claims. Nor is it on its face relevant to the factual situation explained in the plaintiff's complaint: The Act requires that *contractors* with the federal government take affirmative action to hire veterans, but does not require the *federal government itself* to take affirmative action to award contracts to veterans.

Similarly, the Veterans Employment Opportunities Act is not relevant to the plaintiff's situation and does not provide a basis for jurisdiction in this court. The Veterans Employment Opportunities Act applies not to veterans seeking government *contracts,* but to veterans seeking *employment* with the executive branch of the federal government. 5 U.S.C. § 3304(f)(1) (2008). Further, the Act confers exclusive jurisdiction upon the district courts, rather than the Court of Federal Claims, in the event of a violation of the Act. 5 U.S.C. § 3330c (2009). For these reasons, the plaintiff's claims under the Jobs for Veterans Act and Veterans Employment Opportunities Act are dismissed for lack of jurisdiction.

### 4. The Court of Federal Claims Does Not Have Jurisdiction to Hear the Plaintiff's Civil Rights Claims.

The plaintiff alleges that the United States violated his civil rights under the Civil Rights Act of 1866, 42 U.S.C. § 1982, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17, the Civil Rights Act of 1968, Pub.L. No. 90–284, 82 Stat. 72, and the Civil Rights Act of 1991, Pub.L. No. 102–166, 105 Stat. 1071. This court does not have jurisdiction over civil rights claims based on these acts.

In addition, the court has no occasion to consider the plaintiff's contention in his reply brief that the government violated Federal Acquisition Regulation ("FAR") Part 14 when the government awarded the NIH contract. Violations of this FAR provision do not give rise to money damages. Nonetheless, the court notes that the plaintiff's reliance on FAR Part 14 is misplaced, as the subject solicitation was issued under FAR Part 12. Thus, even had the plaintiff properly invoked this court's bid protest jurisdiction, this court would still be obligated to hold that he failed to state a claim upon which relief may be granted.

■ As stated above, where Congress has vested another court with exclusive jurisdiction over a type of claim, this court lacks subject matter jurisdiction. Claims based on violations of the aforementioned civil rights laws may be heard only in federal district court. See 28 U.S.C. § 1343 (2008); 42 U.S.C. §§ 1983, 1988, 2000e–5 (2008); *see also Flowers v. United States,* 321 Fed.Appx. 928, 934 (Fed.Cir.2008) ("To whatever extent [plaintiff] may be asserting his discrimination claims under Title VII of the Civil Rights Act, the Court of Federal Claims . . . lacks jurisdiction over them."). Accordingly, to the extent that the plaintiff's civil rights claims arise under the above-noted statutes, they are dismissed for lack of jurisdiction.

### 5. The Court of Federal Claims Does Not Have Jurisdiction to Hear the Plaintiff's Claim Under Executive Order 13,360.

■ The plaintiff asserts that Executive Order 13,360 has vested him with rights violated by NIH's failure to award him the sprinkler head replacement contract. E.O. 13,360 directs federal agencies to implement strategies to meet a goal of having not less than three percent of federal contracts fulfilled by service-disabled veteran businesses. However, on its face, E.O. 13,360 disclaims the creation of a private right of action: "This order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, instrumentalities or entities, its officers, employees or agents, or any other person." Exec. Order No. 13,360 § 9(d), 69 Fed.Reg. 62,549, 62,551 (Oct. 26, 2004). Accordingly, plaintiff's reliance on this executive order is ineffective, as it created no substantive right that would support his private suit against the government for money damages. Therefore, plaintiff's claim based on E.O. 13,360 is dismissed for lack of jurisdiction.

### 6. This Court Has No Jurisdiction Over Plaintiff's Claims Under the Americans With Disabilities Act Nor the Rehabilitation Act.

■ Plaintiff's complaint alleges discrimination due to his status as a service-disabled veteran, but this court is without jurisdiction to hear claims under the ADA nor the Rehabilitation Act. The ADA is not a statute mandating payment by the United States. Indeed, the ADA does not apply to the federal government as an employer and district courts hold exclusive jurisdiction over ADA claims. *See* 42 U.S.C. §§ 12111(2), (5), 12112 (2008); *Boddie v. United States,* 86 F.3d 1178, 1996 WL 252832 (Fed.Cir.1996) ("The [ADA] does not cover the federal government"); *McCauley v. United States,* 152 F.3d 948, 1998 WL 224949 (1998) (upholding the Court of Federal Claims' holding that it lacked jurisdiction over an ADA claim because district courts have exclusive jurisdiction over such claims).

■ Similarly, claims brought under the Rehabilitation Act may not be heard in this court, as jurisdiction for such claims lies exclusively with the district courts. *See Sageman v. United States,* 82 Fed.Cl. 367, 371 (Fed.Cl.2008) ("This court . . . does not have jurisdiction to review claims brought under the Rehabilitation Act of 1973."); *Lucious v. United States,* 2008 WL 4596322 *3 (Fed.Cl. 2008) ("[J]udicial review of claims arising under Title VII and the Rehabilitation Act rests with the district courts."). Thus, neither the ADA nor Rehabilitation Act provide a basis for this court's exercise of subject matter jurisdiction.

### 7. The Court of Federal Claims Does Not Have Jurisdiction to Hear the Plaintiff's Due Process Claim.

■ Plaintiff alleges an unlawful violation of his Fifth Amendment due process rights. Although the Court of Federal Claims may hear claims arising under the Takings Clause of the Fifth Amendment, the court does not have jurisdiction to hear claims brought under the Due Process Clause. *See, e.g., Flowers,* 321 Fed.Appx. at 934 (citing *James v. Caldera,* 159 F.3d at 581 (stating that it is "well established" that the Court of Federal Claims lacks jurisdiction over Fifth Amendment due process claims because the Due Process Clause is not a money-mandating provision)); *LeBlanc v. United States,* 50

F.3d 1025, 1028 (Fed.Cir.1995) (indicating that the Due Process Clause of the Fifth Amendment cannot provide the Court of Federal Claims with jurisdiction because it "do[es] not mandate payment of money by the government"). For this reason, plaintiff's claim under the Due Process Clause is dismissed for lack of jurisdiction.

### 8. The Court Lacks Jurisdiction Over Tort Actions.

Plaintiff's complaint suggests he is making a claim under a tort theory for emotional distress and loss of personal property. The Court of Federal Claims does not possess jurisdiction over tort claims, including those against the government. *See Dumont v. United States*, 2009 WL 2400345, *5 (Fed. Cir.2009) ("[T]he Claims Court has no jurisdiction over claims premised on tort."); 28 U.S.C. § 1491(a)(1) (2008) (conferring jurisdiction over claims for damages "not sounding in tort."). Accordingly the plaintiff's claims for damages based in tort are dismissed for lack of jurisdiction.

### C. Conclusion

For all of the foregoing reasons, the plaintiff's action against the United States must be dismissed. The Plaintiff's claims shall be dismissed without prejudice for lack of jurisdiction under RCFC 12(b)(1). Each party shall bear its own costs. The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**