Paula **JOHNSON**, Plaintiff,

v.

The **UNITED STATES**, Defendant.

No. 09–824C.

United States Court of Federal Claims.

April 6, 2011.

Paula Johnson, East Saint Louis, Illinois, Pro Se.

Jeffrey D. Klingman, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C., with whom were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Harold D. Lester, Jr., Assistant Director, for Defendant.

## OPINION and ORDER

SMITH, Senior Judge:

Plaintiff, Paula Johnson, is a legally disabled resident of the State of Illinois who was denied weatherization assistance through the Illinois Home Weatherization Assistance Program ("IHWAP"). In her Complaint, Ms. Johnson advances the following claims: (1) breach of contract; (2) discrimination pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"); and/or the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.;* and (3) retaliation pursuant to these Acts.[1] As a result,

---

1. Plaintiff filed an Application to Proceed *In Forma Pauperis.* The Court finds that Plaintiff is indigent and **GRANTS** Plaintiff's Motion. Plain-

Ms. Johnson seeks $200,000 in "compensatory damages," $200,000 in "monetary damages awards," and the return of certain photographs taken of her property. Thereafter, the Government filed a Motion to Dismiss Plaintiff's Complaint.[2] After full briefing and careful review, the Court hereby **GRANTS** Defendant's Motion to Dismiss.

### FACTS

Ms. Johnson appears to allege that, between the years 2005 and 2009, she submitted several applications for weatherization assistance to the IHWAP. (Compl. ¶¶ 13, 16.) According to her Complaint, Ms. Johnson alleges that she received an unspecified number of "approval letters" and, subsequently "denial letters" from St. Clair County, Illinois, IHWAP officials. (Compl. ¶¶ 18, 20, 22.) Ms. Johnson further alleges that she unsuccessfully appealed those denial letters. (Compl. ¶ 19.)

The only "approval letter" cited by Ms. Johnson in her Complaint is one dated October 5, 2009, and the only "denial letter" cited is one dated October 13, 2009. (*Id.* ¶¶ 20, 22; *see also* App. 1, 3.) The October 5, 2009 "approval letter" stated that Ms. Johnson's IHWAP application had been approved pending a home inspection to determine whether her property could be weatherized. (App. 2.) The "approval letter" further stated a staff member would contact Ms. Johnson to set up an inspection. (App. 2.) On an unspecified date, one or more individuals came to Ms. Johnson's property and took several photographs of the home and other structures on her property. (Compl. ¶ 21.) In the October 13, 2009 "denial letter," Dan Sieber, an official with St. Clair County, informed Ms. Johnson that her IHWAP application had been considered, but due to the appearance of "excessive roof leaks," two doors being bolted or nailed completely shut, and one door was not attached, her property was deemed ineligible. (Compl. ¶ 22; A3.)

On October 20, 2009, Ms. Johnson filed a complaint in the United States District Court for the Central District of Illinois seeking relief under the Americans with Disabilities Act of 1990, and the Rehabilitation Act of 1973. (Mot. to Dismiss 4, App. 6–10.) The district court dismissed the action for failure to state a claim. *See Johnson v. Dobson,* No. 09–3275 (C.D.Ill. Oct. 21, 2009) (Dkt. Entry # 3). Following the dismissal, Ms. Johnson filed a complaint in this Court. In the action before this Court, Ms. Johnson adds several claims to her complaint dismissed by the district court; a breach of contract claim in accordance with her ADA and Rehabilitation Act claims, as well as violations of several federal criminal statutes.

### DISCUSSION

■ The Court recognizes that Ms. Johnson is proceeding *pro se* and is not expected to frame issues with the precision of a pleading filed by an attorney. *See Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Roche v. U.S. Postal Serv.,* 828 F.2d 1555, 1558 (Fed.Cir.1987). Moreover, pleadings drafted by *pro se* litigants are held to a "less stringent standard than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Even so, Ms. Johnson's Complaint must state a claim for which relief can be granted and this Court must also have subject matter jurisdiction in order to hear the matter before it.

#### A. The Energy Conservation and Production Act

The Energy Conservation and Production Act ("ECPA"), also known as the Energy Conservation and Existing Buildings Act, required the Secretary of DOE ("Secretary") to develop and conduct a weatherization programs throughout the country. *See* 42 U.S.C. § 6863(a). Pursuant to the ECPA, the DOE may allocate grants to states and

---

tiff also filed a Motion for Discovery Sanctions which is **DENIED** as moot.

**2.** Ms. Johnson's Complaint named individual Federal and state officials, rather than the United States, as Defendants. However, this Court does not possess jurisdiction to hear cases against

defendants other than the United States. *United States v. Sherwood,* 312 U.S. 584, 588, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). As is the practice of the Court, this case has been re-captioned in accordance with the jurisdiction of this Court.

Indian tribal organizations "for the purpose of providing financial assistance with regard to projects designed to provide for the weatherization of dwelling units, particularly those where elderly or handicapped low-income persons reside, occupied by low-income families." *Id.* States may then disburse DOE weatherization program funds to approved subgrantees. *See* 10 C.F.R. §§ 440.3, 440.15. Specific to the state of Illinois, DOE weatherization program funds are administered by local agencies as part of the Illinois Home Weatherization Assistance Program. *See* 305 ILCS 20/1 *et seq.;* 89 IL ADC 109.10 *et seq.* The American Recovery and Reinvestment Act of 2009 (Recovery Act), cited in the Complaint, amended by the ECPA, permits among other things, the Secretary to encourage states to use funds for the most cost-effective efficiency activities. It also establishes new levels for income eligibility, assistance per dwelling unit, and training and technical assistance. Pub.L. No. 111–5, § 407, 123 Stat. 115, 145–46 (2009).

### B. Count I—Breach of Contract

■ To prevail upon a breach of contract claim, a plaintiff must allege facts showing the existence of either an express or implied-in-fact contract. *See Trauma Serv. Group v. United States,* 104 F.3d 1321, 1325 (Fed.Cir.1997). To establish a valid contract with the Government, a plaintiff must allege a mutual intent to contract including an offer, an acceptance, and consideration. *Id.* at 1325. In addition, a plaintiff must allege facts sufficient to show that the Government representative who entered into, or ratified the contract, had the authority to bind the United States to the agreement in question. *See Flexfab, L.L.C. v. United States,* 424 F.3d 1254, 1262 (Fed.Cir.2005). In her Complaint, Ms. Johnson alleges that the Government, pursuant to the ECPA, had an "express contractual obligation" to provide her with weatherization assistance. (Compl. ¶¶ 13–24, 28.) Thus, the Court is tasked with reviewing the Complaint to determine whether there are sufficient facts alleged in the complaint in order for Ms. Johnson's claim of breach of contract to proceed.

■ Although the Complaint and response to the Government's Motion to Dismiss are somewhat unclear, it appears to the Court that Ms. Johnson is alleging that the IHWAP application, specifically the IHWAP approval letter, constituted contracts that were ultimately breached when she received the subsequent denial letter. This argument, however, is incorrect. First, there must be valid contract before a breach can occur. The Court must, therefore, review whether the application and IHWAP approval letter constituted an offer, acceptance and consideration.

After review of these documents, the Court cannot find any facts to suggest that Ms. Johnson's application, or initial approval letter, constituted an offer, acceptance and consideration. In fact, to the contrary, the application letter specifically stated that "this application does not guarantee that [a] household will receive assistance." (App. 1.) Further, it is clear from the face of the approval letter that this approval was conditional; specifically, that "a staff member will . . . inspect your home to determine if it can be weatherized." (App. 2.) It was after this inspection that Dan Sieber, an official with St. Clair County, informed Ms. Johnson that her IHWAP application had been considered, but that her property was ineligible. Furthermore, the Court cannot identify any consideration exchanged which may constitute an implied-in-fact contract. Finally, the Court is unable to find any facts to show that any Government representative was authorized to bind the Government.[3] It is clear that Dan Sieber was not working for the United States, but instead was a state official. There is no evidence that in his state official position Mr. Sieber had any authority to bind the United States. Therefore, count

---

**3.** Under the Tucker Act, the United States consents to be sued by a party with whom it has privity of contract. *See Capitol Boulevard Partners v. United States,* 31 Fed.Cl. 758, 761 (1994). The requirement of privity between the United States and a plaintiff may be satisfied through contract with a third party acting as an agent for the federal government. *Erikson v. United States,* 12 Cl.Ct. 754, 759 (1987). Here, the statute does not expressly give the state official authority to bind the United States.

I must be dismissed pursuant to RCFC 12(b)(6) for failure to state a claim.

### C. Counts II & III—ADA Claim, Rehabilitation Act Claim, and Alleged Violations of Federal Criminal Statutes

The Court notes that Federal district courts have exclusive jurisdiction over the ADA and Rehabilitation Act claims. *See Searles v. United States,* 88 Fed.Cl. 801, 805 (2009). Therefore, as this Court is not a federal district court, this Court does not have jurisdiction to hear Ms. Johnson's claims under the ADA or the Rehabilitation Act. Furthermore, Ms. Johnson's claims include violations of criminal statutes by IHWAP representatives; however, this Court does not have jurisdiction over claims based upon the federal criminal code. *See Joshua v. United States,* 17 F.3d 378, 379 (Fed.Cir.1994). Therefore, counts II and III must be dismissed for lack of jurisdiction.

### *CONCLUSION*

For the reasons set forth above, the Court hereby **GRANTS** Defendant's Motion to Dismiss and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint. The Clerk is directed to enter judgment accordingly.

It is so **ORDERED.**