# In the United States Court of Federal Claims

NOT FOR PUBLICATION
No.  13-148C
(Filed:  March 8, 2013)

|  |  |
|---|---|
| BRIDGET ALLEN, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| Defendant. | ) |

## ORDER OF DISMISSAL

Bridget Allen ("Ms. Allen" or "the plaintiff") filed her pro se complaint against

the United States ("the government" or "the defendant") on February 27, 2013.[1]  The

complaint alleges breach of contract, due process violations, and violations of several

federal civil rights statutes arising from the acts or omissions of the employees, officials,

and judges of the City of Alexandria General District Court ("Alexandria General

---

[1] Ms. Allen applied for leave to proceed in forma pauperis on February 27, 2013.  This application is **GRANTED** for the purpose of filing the complaint.

Court").[2] Compl. at 1-3. The plaintiff seeks a permanent injunction, a declaration regarding the Alexandria General Court's conduct, and damages for emotional and mental distress. Compl. at 1; ¶ 37.

Before addressing the substance of Ms. Allen's claims, the court must ascertain whether it possesses the requisite subject matter jurisdiction to hear her complaint. See Holmes v. United States, 657 F.3d 1303, 1311 (Fed. Cir. 2011). As the Federal Circuit noted in Duncan v. United States, 446 F. App'x (Fed. Cir. 2011), "[t]he Court of Federal Claims is a court of limited subject matter jurisdiction. . . . In other words, the Court of Federal Claims only has the authority (i.e., jurisdiction) to hear certain types of cases." Id. at 304-05 (citing Massie v. United States, 226 F.3d 1318, 1321 (Fed. Cir. 2000)). If the court determines that it lacks subject matter jurisdiction, the entire complaint must be dismissed. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Although the court will grant a pro se plaintiff leniency in construing her pleadings, Wilson v. United States, 404 F. App'x 499, 500 (Fed. Cir. 2010), the court cannot overlook the absence of a non-frivolous claim within the court's jurisdiction. See id. at 500; Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995).

I. **The plaintiff has not identified any contract with the United States entitling her to the payment of money damages**

In her complaint, Ms. Allen alleges that the Alexandria General Court denied the plaintiff's multiple requests for "subpoenas and subpoenas [duces] tecum" in connection

---

[2] The court is aware that Ms. Allen filed additional actions in the United States Court of Federal Claims on January 4, 2013 (Case No. 13-11C) and February 14, 2013 (Case. No. 13-120).

with her state-court lawsuit against the Chief Executive Officer of JP Morgan Chase. Compl. at 1; ¶¶ 20-24, 27. Specifically, Ms. Allen alleges that she was misled by certain staff in Clerk's Office, Compl. ¶¶ 22-27, 33-35, and that the presiding judge erroneously rejected Ms. Allen's request for the subpoenas. Compl. ¶¶ 28-35. Although Ms. Allen does not identify any federal officials or agencies directly involved in the alleged misconduct, she asserts that, by virtue of the alleged distribution of federal funds to Alexandria's courts, the acts of its court employees, officials, and judges must be imputed to the United States Department of Justice, Department of Housing and Urban Development, and the Federal Bureau of Investigation. Compl. ¶¶ 3a, 5-11, 43. In this connection, Ms. Allen asserts that this "contractual" relationship is sufficient to invoke this court's jurisdiction under the Tucker Act, 28 U.S.C. § 1491 (2012). Compl. ¶¶ 3-8.

This court's Tucker Act jurisdiction includes "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). However, the Tucker Act does not create a substantive right to money damages against the federal government. Searles v. United States, 88 Fed. Cl. 801, 803 (2009) (cases cited therein). Rather, the right to damages must come from some federal provision, statute, contract, or regulation that gave rise to the claim. Id. In other words, this court cannot hear Ms. Allen's case unless she identifies a federal law or contract entitling her to seek money from the federal government. See Hernandez v. United States, 93 Fed. Cl. 193, 199 (2010) (dismissing complaint in absence of allegations

suggesting privity of contract between federal government and plaintiff).  Where, as here, the plaintiff alleges that a contractual relationship existed as a result of a local government's receipt of federal funds, the court does not have jurisdiction unless the plaintiff alleges privity between the plaintiff and the federal government.  See Katz v. Cisneros, 16 F.3d 1204, 1210 (Fed. Cir. 1994) (even when local agency acts merely as conduit for federal funds, federal grant and agency oversight insufficient to establish contract with the federal government); G-Lam Corp. v. United States, 227 Ct. Cl. 764, 766 (1981) (no agency relationship is created between the United States and state or local governments through the grant of federal funds to such entities).

Even taking as true the plaintiff's allegation that the Alexandria General Court receives federal funds, in view of the foregoing, neither the plaintiff's complaint nor the simultaneously filed memoranda of law make a non-frivolous allegation of any of the elements necessary to establish the existence of a contract between the federal government and the plaintiff.  See Felts v. United States, No. 12-806C, 2012 WL 6005159, at *2 (Fed. Cl. Nov. 30, 2012) (dismissal appropriate where plaintiff failed to allege existence of contract).  Cf. Parker v. United States, 93 Fed. Cl. 159, 163 (2010) (dismissal appropriate where plaintiff alleged State of Michigan took property, but failed to allege some affirmative act by federal government).  As such, the plaintiff has failed to identify a basis for a breach of contract claim within the ambit of the Tucker Act, and the court must dismiss the plaintiff's breach of contract claim for lack of jurisdiction.

**II. This court lacks jurisdiction to hear the plaintiff's claims based on the Fourteenth Amendment right to due process or the Civil Rights Acts**

The court also lacks jurisdiction to hear the plaintiff's claims premised on alleged violations of her Fourteenth Amendment right to due process as set forth in her complaint. The Federal Circuit has made clear that that the due process clause of the Fourteenth Amendment does not "obligate the government to pay money damages." See Lewis v. United States, 476 F. App'x 240, 244 (Fed. Cir. 2012). Therefore, the plaintiff's due process claims must be dismissed for lack of jurisdiction. In addition, it is well-established that the Court of Federal Claims does not possess jurisdiction over civil rights claims brought under Title VII of the Civil Rights Act of 1964. Evans v. United States, 249 F. App'x 201, 203 (Fed. Cir. 2007). "Exclusive jurisdiction over such claims . . . lies in the United States district courts." Id.; see also Jefferson v. United States, 104 Fed. Cl. 81, 89 (2012) (Civil Rights Acts, 42 U.S.C. §§ 1983, 1986 not money mandating); Braddy v. United States, 12-788C, 2012 WL 5935685, at *4 (Fed. Cl. Nov. 27, 2012) (court lacks jurisdiction to hear claims under 42 U.S.C. § 1981); Clarke v. United States, No. 10-283C, 2010 WL 2143675, at *2 (Fed. Cl. May 24, 2010) (18 U.S.C. §§ 241, 242 not money mandating) aff'd, No. 2010-5133, 2010 WL 4569961 (Fed. Cir. Nov. 5, 2010); Todd v. Short, No. 2:12-CV-1887, 2012 WL 6698564, at *4 (E.D. Cal. Dec. 21, 2012) (42 U.S.C. § 2000b does not grant an individual a private right of action). Congress has vested the district courts with the exclusive right to hear these claims, and

5

The Court of Federal Claims is without authority to hear the plaintiff's claims based on these statutes.  See Searles, 88 Fed. Cl. at 805. [3]

**III.    Conclusion**

For all of these reasons, the clerk shall enter judgment **DISMISSING** this case under 12(h)(3) of the Rules of the Court of Federal Claims for lack of jurisdiction.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge

---

[3] To the extent that the plaintiff's complaint should be read as a request to review the judgment of the Alexandria General Court to deny Ms. Allen's request for subpoenas, the request must be denied.  See Jones v. United States, 440 F. App'x 916, 918 (Fed. Cir. 2011) (Court of Federal Claims lacks jurisdiction to review state court judgments).