NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

―――――――――

**RONALD EDWARD PIERCE,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

―――――――――

2014-5145

―――――――――

Appeal from the United States Court of Federal Claims in No. 1:14-CV-00105-NBF, Judge Nancy B. Firestone.

―――――――――

Decided: January 28, 2015

―――――――――

RONALD EDWARD PIERCE, of Squaw Valley, California, pro se.

MICHAEL D. SNYDER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were JOYCE R. BRANDA, Acting Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and REGINALD T. BLADES, JR., Assistant Director.

---

Before NEWMAN, MOORE, and HUGHES, *Circuit Judges.*

PER CURIAM.

Ronald Edward Pierce appeals the United States Court of Federal Claims' determination that it lacked jurisdiction over his claims under the Americans with Disabilities Act, California's Unruh Civil Rights Act, and the Administrative Procedure Act. Because the Court of Federal Claims correctly concluded that none of Mr. Pierce's claims mandates monetary compensation by the federal government, we affirm.

I

On February 21, 2012, Mr. Pierce filed suit in the United States Tax Court, challenging a tax deficiency with the Internal Revenue Service. Mr. Pierce filed a second suit against the IRS after receiving a second notice of deficiency. In his second suit, Mr. Pierce selected Fresno, California as his preferred place for trial. Mr. Pierce alleged that he is disabled and thus asserted that he could not travel to San Francisco, California, for trial.

Mr. Pierce's suit was a regular tax case, not a small tax case. Only small tax cases are heard in Fresno. Accordingly, the trial was scheduled to be held in San Francisco.

After receiving notice of the trial schedule, Mr. Pierce filed a motion to move the trial to Fresno. This motion was denied due to the classification of the case as a regular tax case.

After this motion was denied, Mr. Pierce contacted the Tax Court's Equal Employment Opportunity Commission Officer, who instructed him to re-file his motion. This motion was granted, and the Tax Court rescheduled trial

for February 3, 2014 in Fresno, and reclassified his case as a small tax case.

After trial was rescheduled, Mr. Pierce informally requested a continuance of his case. He asserted that a continuance was necessary to accommodate his disability and for him to deal with the additional cases he had before the Tax Court. These requests were not granted, and Mr. Pierce subsequently sought help from the United States District Court for the Eastern District of California and then the United States District Court for the Central District of California. After that failed, Mr. Pierce requested the Tax Court to take judicial notice that it was allegedly not accommodating his disabilities. The Tax Court entered an order requiring Mr. Pierce to appear on the scheduled trial date and time. Mr. Pierce then filed a "Sworn Affidavit of Prejudice" asserting that the judge assigned to his case was not impartial. The Tax Court again entered an order requiring Mr. Pierce to appear on the scheduled trial date and time. In this order, the Tax Court warned Mr. Pierce that failure to appear could result in dismissal of his case.

Mr. Pierce then filed the present suit in the Court of Federal Claims. Before the Court of Federal Claims, Mr. Pierce alleged that the Tax Court and the United States District Court for the Eastern District of California failed to accommodate his disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and California's Unruh Civil Rights Act, Cal. Civ. Code § 51. Mr. Pierce also alleged that the Administrative Procedure Act, 5 U.S.C. § 702, gives the Court of Federal Claims jurisdiction to review the decisions of other federal courts. The government filed a motion to dismiss under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims for lack of subject matter jurisdiction. The Court of Federal Claims granted the government's motion. Mr. Pierce appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

The Court of Federal Claims has limited jurisdiction. It may only hear claims that are "against the United States" and "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." The Tucker Act, 28 U.S.C. § 1491(a)(1).

The Tucker Act is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976); *see also Wopsock v. Natchees*, 454 F.3d 1327, 1331 (Fed. Cir. 2006). Accordingly, when determining whether the Court of Federal Claims has jurisdiction, we must consider "whether the source of substantive law can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *United States v. Mitchell,* 463 U.S. 206, 216 (1983).

None of Mr. Pierce's claims fall within the limited jurisdiction of the Court of Federal Claims. His California Unruh Civil Rights Act claim is a state law claim which is "outside the scope of the limited jurisdiction of the Court of Federal Claims." *Sounders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007). Likewise, the ADA is not a money-mandating law. *Searles v. United States*, 88 Fed. Cl. 801, 805 (2009). And his APA claim is outside the Court of Federal Claims' limited jurisdiction because "the APA does not authorize an award of money damages at all; to the contrary, section 10(a) of the APA, 5 U.S.C. § 702, specifically limits the Act to actions 'seeking relief other than money damages.'" *Wopsock*, 454 F.3d at 1333 (Fed. Cir. 2006).

Because Mr. Pierce's claims are not capable of mandating monetary compensation by the Federal Govern-

ment, we affirm the Court of Federal Claims' determination that it lacked jurisdiction over Mr. Pierce's case.

**AFFIRMED**

No costs.