NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**KAREN KHAN,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2018-2196

_____

Appeal from the United States Court of Federal Claims in No. 1:18-cv-00609-CFL, Judge Charles F. Lettow.

_____

Decided: February 5, 2019

_____

KAREN KHAN, Poughkeepsie, NY, pro se.

ALISON VICKS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR., PATRICIA M. MCCARTHY.

_____

Before MOORE, TARANTO, and CHEN, *Circuit Judges.*

PER CURIAM.

Karen Khan seeks review of a judgment by the U.S. Court of Federal Claims (Claims Court) granting the Government's motion to dismiss Ms. Khan's complaint for lack of jurisdiction and failure to state a claim. J.A. 2. Ms. Khan's complaint alleged violations under the Civil Rights Act (42 U.S.C. §§ 1985, 1986), the Fifth and Fourteenth Amendments of the U.S. Constitution, and the Racketeer Influenced and Corrupt Organizations Act (RICO). *See* J.A. 103–50. Because the Claims Court properly granted the Government's motion, we affirm.

## BACKGROUND

Ms. Khan is an attorney admitted to the bar of the State of New York and the U.S. District Court for the Southern District of New York (S.D.N.Y.). Appellant Op. Br. at 2. In April 2018, Ms. Khan filed an action in the Claims Court alleging, *inter alia*, conspiracy for human trafficking for the purpose of impeding, hindering, obstructing, and defeating the due course of justice with the intent to deny Ms. Khan the equal protection of the laws. J.A. 103. These allegations were based in part on "domestic violence" actions taken by the Supreme Court of the State of New York, Duchess County, in handling a divorce proceeding of one of Ms. Khan's clients. J.A. 104–06. Ms. Khan alleged that after these actions took place, she and her client approached the U.S. Department of Justice (DOJ), Civil Rights Division in 2011 and filed a complaint. J.A. 107. Ms. Khan alleged that the DOJ and the Federal Bureau of Investigation (FBI) have since been interfering with her personal and professional life, including her law practice. *See* J.A. 107–50. Ms. Khan detailed the alleged actions taken by the FBI and DOJ—including telephone calls, internet communications, and personal visits—throughout the remainder of her complaint. *Id.* Ms. Khan sought $30 million in damages, as well as "[a]ny and all other relief to which [she] is entitled." J.A. 150.

The Government moved to dismiss Ms. Khan's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims (RCFC). *See* J.A. 10–28. The Claims Court granted the Government's motion, agreeing that Ms. Khan's allegations, though detailed, "do not link explicitly to claims for relief under any money mandating source of law." J.A. 2–3. The Claims Court concluded that Ms. Khan's assertions do not establish all of the material elements necessary to sustain recovery under any viable legal theory, and therefore fail to state a claim. J.A. 3.

The Claims Court also concluded that the federal district courts, not the Claims Court, have jurisdiction over civil-rights and RICO claims. *Id.* The Claims Court then rejected Ms. Khan's transfer request to S.D.N.Y., finding that the transfer would not be in the interests of justice, given Ms. Khan's failure to state any plausible claim for relief. *Id.*

Ms. Khan appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

"This court reviews *de novo* whether the Court of Federal Claims possessed jurisdiction and whether the Court of Federal Claims properly dismissed for failure to state a claim upon which relief can be granted, as both are questions of law." *Wheeler v. United States*, 11 F.3d 156, 158 (Fed. Cir. 1993).

"Subject matter jurisdiction is a threshold requirement for a court's power to exercise jurisdiction over a case . . . ." *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010). "The Tucker Act . . . 'is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages.'" *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998) (quoting *United States v. Testan*, 424 U.S. 392, 398 (1976))

(internal quotation marks omitted).  Thus, "[i]n order to invoke jurisdiction under the Tucker Act, a plaintiff must point to a substantive right to money damages against the United States." *Hamlet v. United States*, 63 F.3d 1097, 1101 (Fed. Cir. 1995). "What this means is that a Tucker Act plaintiff must assert a claim under a separate money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States." *James*, 159 F.3d at 580.

The Claims Court lacks jurisdiction over claims under the Civil Rights Act, including provisions 42 U.S.C. §§ 1985 and 1986.  *See* 28 U.S.C. § 1343(a) (vesting original jurisdiction in federal "district courts"); *see also Searles v. United States*, 88 Fed. Cl. 801, 804 (2009).  The Claims Court likewise lacks jurisdiction over Ms. Khan's constitutional claims because they are not based on money-mandating provisions.  *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (finding allegations of violations "under the Due Process Clauses of the Fifth and Fourteenth Amendments" and "the Equal Protection Clause of the Fourteenth Amendment" not to be "a sufficient basis for jurisdiction because they do not mandate payment of money by the government").  The Claims Court also lacks jurisdiction over RICO claims.  *See* 18 U.S.C. § 1965(a) ("Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs."); *see also Hufford v. United States*, 87 Fed. Cl. 696, 702 (2009) ("This court has no jurisdiction over RICO claims . . . .").  Because Ms. Khan did not plead any claims over which the Claims Court has jurisdiction, we find that the Claims Court properly dismissed Ms. Khan's complaint under RCFC 12(b)(1).

The Claims Court also properly rejected Ms. Khan's request to transfer the case to S.D.N.Y.  When courts lack jurisdiction, 28 U.S.C. § 1631 requires them to transfer the case to any other court in which the action could have been

brought at the time it was filed or noticed, "if it is in the interest of justice." While Ms. Khan's complaint could have been filed in S.D.N.Y., the Claims Court correctly concluded that it would not have been in the interest of justice to transfer the case.

In addition to dismissing for lack of jurisdiction, the Claims Court scrutinized Ms. Khan's complaint and concluded that it must be dismissed for failure to state a plausible claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (internal citation omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under those standards, the Claims Court properly concluded that Ms. Khan has not pleaded any facts that support her allegations against the Government. For example, Ms. Khan alleges that the "FBI has used different channels . . . [to] convey[] its perversions to [Ms. Khan] to deny her equal protection of the laws." Appellant Op. Br. at 19. Ms. Khan cites to emails and photographs as support for her allegations. *E.g.*, *id.* at 19–21. But none of these documents evidences any communication by the Government. *See, e.g.*, J.A. 469, 471, 473–76, 488, 502–05, 531–32, 543–52, 576–86. The remainder of the evidence cited by Ms.

Khan similarly fails to establish any plausible basis for her allegations.

Ms. Khan's complaint, in fact, falls far short of complying with the "plausibility" standard set out by the Supreme Court in *Twombly* and *Iqbal*, and Ms. Khan has advanced no basis for thinking that the deficiency could be cured by amendment. In these circumstances, we see no error in the Claims Court's ruling that it would not have been in the interest of justice to transfer this case to S.D.N.Y. *See Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000–01 (Fed. Cir. 1987).

We have reviewed Ms. Khan's other arguments, but find them unpersuasive. Accordingly, we affirm the Claims Court's judgment granting the Government's motion to dismiss under RCFC 12(b)(1) and denying the request to transfer.

**AFFIRMED**