# In the United States Court of Federal Claims

No. 19-889C

(Filed: October 22, 2019)

(NOT FOR PUBLICATION)

|  |  |  |
|---|---|---|
| STEPHANIE JONES-ZEIGLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | *Pro Se* Plaintiff; Motion to |
| v. | ) | Dismiss for Lack of Subject |
| | ) | Matter Jurisdiction; ADA |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

*Stephanie Jones-Zeigler*, Savannah, GA, Plaintiff, *pro se*.

*Tanya B. Koenig*, Trial Attorney, with whom was *Tara K. Hogan*, Assistant Director, Civil Division, Commercial Litigation Branch, United States Department of Justice, Washington, DC, for Defendant.

## OPINION AND ORDER

**KAPLAN, Judge.**

Currently before the Court is the government's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims (RCFC).[1] The Plaintiff, Stephanie Jones-Zeigler, proceeding pro se, alleges a violation of the Americans With Disabilities Act by unnamed prospective employers, and claims that a vocational rehabilitation counselor employed by a state agency failed to provide her with assistance securing a job. She requests an award of an unspecified amount of backpay as well as court costs and compensation for pain and suffering.

The United States Court of Federal Claims is a court of limited jurisdiction that, pursuant to the Tucker Act, may "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a) (2006). The Tucker

---

[1] The government filed its motion to dismiss on August 19, 2019. Ms. Jones-Zeigler has not responded to the motion.

Act serves as a waiver of sovereign immunity and a jurisdictional grant, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff, therefore, must establish that "a separate source of substantive law . . . creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)).

It is well established that complaints that are filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 F. App'x 860 (Fed. Cir. 2004).

In this case, the Court lacks jurisdiction over Ms. Jones-Zeigler's claims. First, to the extent that Ms. Jones-Zeigler's claims are against parties other than the United States, those claims are not within this Court's Tucker Act jurisdiction. See United States v. Sherwood, 312 U.S. 584, 588 (1941)("jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States . . . and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court.") (citations omitted). Second, "[t]he ADA is not a statute mandating payment by the United States." Searles v. United States, 88 Fed. Cl. 801, 805 (2009). "Indeed, the ADA does not apply to the federal government as an employer and district courts hold exclusive jurisdiction over ADA claims." Id. (citing 42 U.S.C. §§ 12111(2), (5), 12112 (2008); Boddie v. United States, 86 F.3d 1178 (Fed.Cir.1996)). Therefore, this Court lacks jurisdiction over Ms. Jones-Zeigler's ADA claims.

## CONCLUSION

On the basis of the foregoing, the government's motion to dismiss pursuant to Rule 12(b)(1) is **GRANTED**, and Ms. Jones-Zeigler's complaint is **DISMISSED without prejudice.**[2] The Clerk is directed to enter judgment accordingly. Each side shall bear its own costs.

**IT IS SO ORDERED.**

**ELAINE KAPLAN**
**JUDGE**

---

[2] Ms. Jones-Zeigler has also filed a motion for leave to proceed in forma pauperis. ECF No. 2. That motion is **GRANTED**.