# United States Court of Appeals for the Federal Circuit

06-5026

MATTHEW E. LEVINE,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Matthew E. Levine, of Universal City, Texas, pro se.

Hillary A. Stern, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief was Peter D. Keisler, Assistant Attorney General.

Appealed from: United States Court of Federal Claims

Judge Victor J. Wolski

# United States Court of Appeals for the Federal Circuit

06-5026

MATTHEW E. LEVINE,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  June 28, 2006

_____

Before NEWMAN, Circuit Judge, ARCHER, Senior Circuit Judge, and GAJARSA, Circuit Judge.

NEWMAN, Circuit Judge.

Dr. Matthew E. Levine appeals the decision of the Court of Federal Claims, dismissing his complaint pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC").[1]  We affirm the decision.

---

1    Levine v. United States, No. 05-20C (Fed. Cl. Nov. 7, 2005).

BACKGROUND

The issue is the calculation of Dr. Levine's years of military service, and commensurate retirement pay.

Dr. Levine was appointed a First Lieutenant in the United States Army Reserve on March 25, 1963. On August 10, 1964 he was ordered to active duty, and served on active duty until August 8, 1966. He then was transferred to the Reserve, where he served until his honorable discharge on May 15, 1969. On May 23, 1979 he returned to active duty as a Major in the Army Medical Corps, and remained on active duty until he retired on May 31, 1999 with the rank of Colonel. The Army credited him with 22 years and 22 days of active service, 5 years of constructive service for the time he spent in medical school and as an intern, and 3 months and 6 days of service for his time in the Army Reserve.

On January 18, 2000 Dr. Levine applied to the Armed Services Board for the Correction of Military Records ("the Board"), seeking correction of the calculation of his service time. He stated that he should have been given year-for-year credit for his time in the Reserve, relying on 10 U.S.C. §1405(a)(3) which credits for retirement purposes time that would be credited under 10 U.S.C. §12733. Section 12733, which pertains to retired pay for non-regular miliary service, awards "one day for each point credited to the person under clause (B), (C), or (D)" of §12732(a)(2). Clause (B) provides one point of credit for each attendance at a drill or period of equivalent instruction; clause (C) awards 15 points a year for membership in the Reserve; and clause (D) awards credit for certain activities approved by the Secretary, such as the completion of an approved course of study. In applying these provisions, the Army had credited Dr. Levine with 38 points for attendance at 38 training days, and 58 points for three full years and two partial years of membership in

06-5026                                    2

the Reserve, for a total of 96 points, and thus 96 days for his time in the Reserve. Dr. Levine stated that this calculation was incorrect because it was based on the current version of 10 U.S.C. §1405 and not on the version in effect prior to amendment on September 15, 1981, which he argued was applicable to his service prior to that date. Dr. Levine stated that under the prior version of §1405, he was entitled to year-for-year credit for his time in the Reserve.

On September 27, 2001 the Board denied Dr. Levine's application. He appealed to the Court of Federal Claims, seeking backpay and an increase in his monthly retirement pay. The government moved to dismiss under RCFC 12(b)(6) (failure to state a claim upon which relief could be granted) and, in the alternative, the government moved pursuant to RCFC 56.1 for judgment on the administrative record. The Court of Federal Claims, reviewing the statutes and their application, found that Dr. Levine had been credited with the correct amount of service time for retirement purposes, and dismissed the case under Rule 12(b)(6).[2]

## DISCUSSION

A dismissal for failure to state a claim upon which relief can be granted is given plenary review, for it is a question of law. Adams v. United States, 391 F.3d 1212, 1218 (Fed. Cir. 2004). Dismissal of a complaint under RCFC 12(b)(6) is appropriate when the plaintiff can prove no set of facts that would warrant the requested relief, when drawing all well-pleaded factual inferences in favor of the complainant. Leider v. United States, 301

---

[2] To the extent the Court of Federal Claims relied on information outside the scope of the complaint, we treat its disposition as, in the alternative, a judgment on the administrative record.

F.3d 1290, 1295 (Fed. Cir. 2002). Review of the Board's judgment may be made on the administrative record when supplementation is not "required for meaningful judicial review," Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324, 1338 (Fed. Cir. 2001). The result is a decision on the merits, upon full review of the claim.

Dr. Levine argued that when 10 U.S.C. §1405 was amended by the Defense Officer Personnel Management Act of 1980 ("DOPMA"), Pub. L. No. 96-513, 94 Stat. at 2952, codified at note following 10 U.S.C. §611, Congress included a provision applicable to his situation:

> 10 U.S.C. §626(a). For the purpose of computing the years of service for pay and allowances of an officer of the Army, Navy, Air Force, or Marine Corps, including retired pay, severance pay, readjustment pay, separation pay, and basic pay, the total years of service of such officer shall be computed by adding to that service so creditable on the day before the effective date of this Act all subsequent service as computed under title 10, United States Code, as amended by this Act.

Dr. Levine states that this includes his Reserve service, for that service was creditable before the enactment.

The Court of Federal Claims computed Dr. Levine's years of service under the pre-DOPMA version of 10 U.S.C. §1405, which was first enacted in 1958:

> 10 U.S.C. §1405 (1958) . . . the years of service of a member of the armed forces are computed by adding:
> (1)    his years of active service;
> (2)    the years of service credited to him under section 205(a)(7) and (8) of title 37;
> (3)    the years of service, not included in clause (1) or (2), with which he was entitled to be credited, on the day before the effective date of this section, in computing his basic pay; and
> (4)    the years of service not included in clause (1), (2), or (3), with which he would be entitled to be credited under section 1333 of this title, if he were entitled to retired pay under section 1331 of this title.

06-5026                                   4

Dr. Levine argues that §1405(3) entitles him to year-for-year credit because that provision awarded service credit for "years of service" that would be calculated in "computing his basic pay." He points out that the statute providing the calculation of basic pay at the time, then at 37 U.S.C. §205(a)(9),[3] called for counting "all periods while . . . (C) a member of the Honorary Reserve or the Officers' Reserve Corps or the Organized Reserve Corp." Id. The Court of Federal Claims rejected this argument because §1405(3) states that it pertains only to service "on the day before the effective date" of §1405 (May 20, 1958) and Dr. Levine does not dispute that he did not serve before that date. Thus the Court of Federal Claims held that Dr. Levine was not entitled to additional time for his Reserve service, based on the pre-DOPMA versions of §1405 and §205.

**A**

Dr. Levine makes three arguments on appeal. First, he states that he does not rely on the combination of pre-DOPMA 10 U.S.C. §1405(3) and 37 U.S.C. §205(9) to establish his entitlement to year-for-year credit; instead, he relies on the combination of pre-DOPMA §1405(2) with §205(a)(7), (8), and (9).

Section 1405(2), however, by its terms applies only to §205(a)(7) and (8), not subsection (9). Further, §205(a)(7) and (8) pertain to constructive service for time spent in medical school and as a medical intern, time already fully credited to Dr. Levine. The Court of Federal Claims did not err in its view of this combination of statutes.

---

3    An identical provision is now at 37 U.S.C. §205(a)(7) (2006).

**B**

Second, Dr. Levine argues that pre-DOPMA 37 U.S.C. §205(a)(9) is itself sufficient to establish year-for-year entitlement, because it provides a calculation of years of service and gives full credit for "all periods while . . . (C) a member of the Honorary Reserve or the Officers' Reserve Corps or the Organized Reserve Corps." Dr. Levine states that this statute establishes service credit and does not require service prior to May 20, 1958.

As the government points out, §205 is directed to the calculation of years of service "for the purpose of computing the basic pay of a member of the uniformed service"; it does not determine the years of service for the purpose of computing retirement compensation. It is only through the operation of §1405 that §205(a) is applied to retirement calculations. The Court of Federal Claims considered the effect of §205(a)(9) in combination with §1405(3), but correctly held that §1405(3) does not apply because Dr. Levine did not serve before the effective date of §1405, as required by §1405(3).

**C**

Third, Dr. Levine argues that the Court of Federal Claims erroneously failed to consider the effect of 10 U.S.C. §1401(b), which requires reference to "any other provision of law" that is more favorable to the computation of retirement pay:

> §1401(b). Use of most favorable formula.
> If a person would otherwise be entitled to retired pay computed under more than one formula of the table in subsection (a) or any other provision of law, the person is entitled to be paid under the applicable formula that is most favorable to him.

Dr. Levine does not identify "any other provision of law" that more favorably entitles him to additional retirement pay, and the government states that there is no such other provision. Dr. Levine argues that the reference to §1405 in formula 5, column 2, of §1401(a) must be

the pre-DOPMA version of §1405, because of the savings provision of DOPMA. However, as discussed supra, the Court of Federal Claims correctly rejected Dr. Levine's argument that he is entitled to additional service credit on the basis of the pre-DOPMA version of §1405.

We conclude that the Court of Federal Claims correctly held that Dr. Levine is not entitled to the requested relief, whether viewed as failure to state a claim upon which relief could be granted, see Godwin v. United States, 338 F.3d 1374, 1377 (Fed. Cir. 2003) (dismissal for failure to state a claim is "appropriate when the court determines that the facts as asserted do not entitle the claimant to a legal remedy"), or as a judgment on the administrative record, as in Rebosky v. United States, 60 Fed. Cl. 305, 310-11 (2004) (the Court of Federal Claims reviews the administrative record and the parties' factual averments to determine "whether the correction board acted arbitrarily, capriciously, contrary to law," or whether "its determination was unsupported by substantial evidence"). The distinction is whether the court's "inquiry essentially is limited to the content of the complaint," or whether additional sources are considered. See generally Charles Allan Wright & Arthur R. Miller, Federal Practice & Procedure §1357, at 704 (3d ed. 2004). Here, we discern no error in the court's interpretation and application of the statute to Dr. Levine's military and related service. The court's judgment is

AFFIRMED.

No costs.