NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BRIAN LEWIS,**
*Claimant-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2010-5005

---

Appeal from the United States Court of Federal Claims in Case No. 07-CV-591, Senior Judge Robert H. Hodges, Jr.

---

Decided: February 17, 2012

---

BRIAN LEWIS, of Baltimore, Maryland, pro se.

L. MISHA PREHEIM, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DONALD E. KINNER, Assistant Director. Of counsel on the brief was MICHAEL J. MARINELLO, General Litigation Division, Office of the

Judge Advocate General, United States Department of the Navy, of Washington, DC.

---

Before RADER, *Chief Judge*, WALLACH, *Circuit Judge* and FOGEL, *District Judge*.[*]

PER CURIAM.

Claimant-Appellant Brian Lewis ("Lewis") appeals a decision of the United States Court of Federal Claims ("Claims Court") that granted a Motion to Dismiss and a Motion for Judgment on the Administrative Record, both in favor of Defendant-Appellee United States ("the Government"). *Lewis v. United States*, No. 07-591C, 2009 WL 5549354 (Fed. Cl. Aug. 7, 2009). Lewis also challenges the Claims Court's denial of his Motion to Supplement the Administrative Record. For the reasons discussed below, we AFFIRM.

I.

Lewis served in the United States Navy from June 1997 until August 2001, when he received a general discharge (under honorable conditions) for convenience of the Government based on a personality disorder. *Lewis*, 2009 WL 5549354, at *1. His records reflect a documented personality disorder, alcohol dependence, disrespect for senior officers, and that he was the victim of a sexual assault. *Id.* at *1.[1] Lewis petitioned the Board for Correction of Naval Records ("BCNR") for amendment of his records to show he had retired on disability. *Id.* at *2.

---

[*] The Honorable Jeremy Fogel, District Judge, United States District Court for the Northern District of California, sitting by designation.

[1] Detailed facts of this case may be found at *Lewis*, 2009 WL 5549354.

The BCNR denied his request. *Id.* Lewis appealed that decision to the Claims Court and asserted additional claims including: wrongful discharge, whistleblower protection, and constitutional violations. *Id.* at *3. The Government filed motions to dismiss and for judgment on the administrative record in 2009. *Id.* The Claims Court granted the Government's motions. *Id.* at *6.

Lewis timely appealed to this court. We have jurisdiction pursuant to 28. U.S.C. § 1295(a)(3).

## II.

The Claims Court (1) denied Lewis's Motion to Supplement the Agency Record and (2) held that Lewis waived his wrongful discharge claim by failing to raise it before the BCNR, (3) held that it did not possess jurisdiction to entertain Lewis's whistleblower claims and various constitutional claims, and (4) held that the BCNR's decision was not arbitrary, capricious, contrary to law, or unsupported by substantial evidence. *Lewis*, 2009 WL 5549354. Lewis seeks review of these decisions. We consider each in turn.

### A.

We review evidentiary determinations by the Claims Court for abuse of discretion. *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1378 (Fed. Cir. 2009). In addition, we exercise *de novo* review of legal determinations by the Claims Court, including judgment on the administrative record. *Roth v. United States*, 378 F.3d 1371, 1381 (Fed. Cir. 2004). Applying the same standard applied by the Claims Court, we review whether the BCNR's decision was arbitrary, capricious, contrary to law, or unsupported by substantial evidence. *Id.* We also review the Claims Court dismissal of a claim for lack of jurisdiction *de novo. Boyle v. United States*, 200 F.3d

1369, 1372 (Fed. Cir. 2000). Furthermore, we review a judgment on the administrative record by the Claims Court *de novo. Chambers v. United States*, 417 F.3d 1218, 1227 (Fed. Cir. 2005).

## B.

Lewis asserts that he was "entitled to supplement the Administrative Record with 'evidence over and above that presented before the administrative boards if a party wishes to offer it.'" Appellant's Opening Brief ("Appellant's Brief") at 29 (quoting *Brown v. United States*, 396 F.2d 989, 991 (Ct. Cl. 1968)). However, "the Supreme Court has established that review under the [Administrative Procedure Act] is generally limited to the administrative record." *Walls v. United States*, 582 F.3d 1358, 1367 (Fed. Cir. 2009). "The focus of judicial review of agency action remains the administrative record, which should be supplemented only if the existing record is insufficient to permit meaningful review." *Axiom*, 564 F.3d at 1381; *see Levine v. United States*, 453 F.3d 1348, 1350 (Fed. Cir. 2006); *Impressa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1338 (Fed. Cir. 2001).[2] Therefore, Lewis's reliance upon *Brown* is misplaced.

---

[2] While other exceptions have been recognized, they "apply only under extraordinary circumstances," *Voyageurs Nat. Park Ass'n v. Norton*, 381 F.3d 759, 766 (8th Cir. 2004), such as bad faith or improper behavior, *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420, 91 S. Ct. 814, 28 L. Ed. 2d 136 (1971), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977); *Home Prods. Int'l, Inc. v. United States*, 633 F.3d 1369, 1379-80 (Fed. Cir. 2011); *Olsen v. United States*, 414 F.3d 144, 155 (1st Cir. 2005). Appellant has submitted no record evidence of such circumstances.

Here, Lewis offers no additional reason why the Claims Court should have granted his motion to supplement the Administrative Record, nor does he allege that the Administrative Record was otherwise insufficient to permit review of the BCNR's decision. Accordingly, we find the Claims Court did not abuse its discretion in denying Lewis's motion.

C.

Lewis further argues that the Claims Court erred when it determined that he waived his wrongful discharge claim. Appellant's Brief at 32. The Claims Court held that because Lewis brought an action to the BCNR, he waived any subsequent claims, such as a wrongful discharge claim, that were not presented to the BCNR. *Lewis*, 2009 WL 5549354 at *4. Lewis avers that bringing a claim before the BCNR is permissive and "not a mandatory prerequisite" to challenging his discharge. Appellant's Brief at 32 (citing *Martinez v. United States*, 333 F.3d 1295 (Fed. Cir. 2003)). He argues that there are two claims at issue, one for unlawful discharge which he acknowledges he did not bring before the BCNR,[3] and one for disability retirement, from which he appealed the decision of the BCNR.

We agree with the Claims Court's holding that Lewis waived the wrongful discharge claim. Generally if a service member brings an action before a military corrections board, any claims not presented are waived and that

---

[3] Lewis petitioned the Naval Discharge Review Board ("NDRB") twice to change the characterization of his discharge from General to Honorable, and revise the narrative reason for separation. *Lewis*, 2009 WL 5549354 at *3. The NDRB "denied both requests, finding that plaintiff's discharge was proper in the circumstances." *Id.* Lewis did not challenge the NDRB's decisions to the Claims Court. *See id.* at *1.

issue cannot be raised for the first time before the Claims Court. *Metz v. United States*, 466 F.3d 991, 999 (Fed. Cir. 2006) (citing *Murakami v. United States*, 398 F.3d 1342, 1354 (Fed. Cir. 2005)); *see United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952); *Gant v. United States*, 417 F.3d 1328, 1332 (Fed. Cir. 2005) ("[a]rguments not made in the court or tribunal whose order is under review are normally considered waived"); *Sw. Bell Tel. Co. v. Pub. Util. Comm'n*, 208 F.3d 475, 487 (5th Cir. 2000) ("[t]he failure to raise an issue at the administrative level waives the right to appellate review of that issue"); *Lizut v. Dep't of the Army*, 717 F.2d 1391, 1396 (Fed. Cir. 1983) ("[a]llowing a party to withhold important issues from the board and later present them to this court would undermine the board's authority"). Accordingly, the Claims Court correctly held that Lewis waived the wrongful discharge claim.

## D.

Lewis also appeals the Claims Court's holding that it lacked jurisdiction over claims arising from the Military Whistleblower Protection Act (10 U.S.C. § 1034), Appellant's Brief at 64, and violations of the due process and equal protection clauses of the Fifth and Fourteenth Amendments to the Constitution, *id.* at 66.

For the Claims Court to have jurisdiction over a claim under the Tucker Act, 28 U.S.C. § 1491, the claim's source must be "money-mandating." *Moden v. United States*, 404 F.3d 1335, 1341 (Fed. Cir. 2005); *Collins v. United States*, 67 F.3d 284, 286 (Fed. Cir. 1995) ("Since the Tucker Act does not mandate the payment of plaintiff's alleged damages, to recover he must base his claim on some other statute that creates a substantive right by mandating the payment of his claim."). The Claims Court has previously found that for purposes of Tucker Act jurisdiction the

Military Whistleblower Protection Act is not money-mandating. *Gant v. United States*, 63 Fed. Cl. 311, 316 (2004); *Soeken v. United States*, 47 Fed. Cl. 430, 433 (2000); *Hernandez v. United States*, 38 Fed. Cl. 532, 536-37 (1997) (The statute "says nothing that can be construed as a guarantee to money, it merely provides for 'such action . . . as is necessary to correct the record of a personnel action prohibited by [the statute].' 10 U.S.C. § 1034(f)(5). Thus, the language of the statute does not mandate paying a complainant monetary damages."). Neither the due process clauses nor the equal protection clauses of the Fifth and Fourteenth Amendments to the Constitution "obligate the government to pay money damages." *Collins*, 67 F.3d at 288; *Mullenberg v. United States*, 857 F.2d 770, 773 (Fed. Cir. 1988). Therefore, the Claims Court correctly dismissed the whistleblower and constitutional claims for lack of jurisdiction.[4]

### E.

Moreover, Lewis argues that the Claims Court erred in granting the Government's Motion for Judgment on the Administrative Record (1) by applying an incorrect standard of review; (2) by upholding the BCNR decision despite the BCNR's violation of two statutory requirements; (3) by refusing to afford determination by other agencies more weight; and (4) by finding the BCNR's decision supported by substantial evidence. We address each argument in turn.

First, with regard to Lewis's argument that the Claims Court applied an incorrect standard of review, we disagree. When a service member seeks relief before a military corrections board, the Claims Court should apply

---

[4] This is not to say that Lewis does or does not have such claims, but rather that he filed them at the wrong time and in the wrong place.

its ordinary standard of review of "whether the decision is arbitrary, capricious, unsupported by substantial evidence, or contrary to law." *Metz*, 466 F.3d at 998 (quoting *Porter v. United States*, 163 F.3d 1304, 1312 (Fed. Cir. 1998)). The Claims Court applied that standard, *Lewis*, 2009 WL 5549354, at *4, and thus, we affirm the Claims Court's use of the correct standard of review.

Lewis also asserts that the Claims Court erred in affirming the BCNR's decision because the BCNR violated 10 U.S.C. §§ 1555 and 1557.

Section 1555 requires one physician on "the staff of the service review agency" to act as an advisor on medical matters considered by the agency. 10 U.S.C. § 1555. Lewis argues that the BCNR violated this statutory requirement when it considered the opinion of doctors other than the one appointed to the BCNR. But as the Government points out, there is nothing in the statute that prohibits the BCNR "from requesting and considering advisory medical opinions from other qualified military authority." Appellee's Brief at 40. In fact, the BCNR is authorized to obtain additional information. *See* 32 C.F.R. §§ 723.6(a)(2) and 723.8(b)(2); SECNAVINST 5420.193 Enclosure (3) ¶ 7. Accordingly, we affirm the Claims Court's holding that the BCNR did not violate 10 U.S.C. § 1555 in its use of an advisory opinion.

Section 1557 requires the BCNR to take final action on applications within 18 months of receipt. *Id.* § 1557(b). Lewis avers that the BCNR violated this statutory timeliness requirement by making a decision nearly 23 months after his application. However, Lewis ignores 10 U.S.C. § 1557(d), which states "[f]ailure of a Corrections Board to meet the applicable timeliness standard for any period of time under subsection (a) or (b) does not confer any presumption or advantage with respect to consideration by

the board of any application." 10 U.S.C. § 1557(d). Therefore, the failure to meet the timeliness standard cannot be the basis for finding error in the BCNR's decision.

In addition, Lewis contends the Claims Court should have found the BCNR acted arbitrarily and capriciously by its failure to give due weight to the disability determinations of the Department of Veterans Affairs ("VA") and the Social Security Administration ("SSA"). Disability rating determinations by the Navy are "designed to determine unfitness to perform the duties of office . . . . In contrast, the VA determines disability ratings based upon an evaluation of whether and how an individual's capacity to perform in the civilian world is diminished by a disability." *Champagne v. United States*, 35 Fed. Cl. 198, 211-12 (1996). "Although a VA rating decision may be relevant to consideration of an appropriate disability rating by the Navy, it is not binding on the Navy." *Id.* at 212. Similarly, the Government points out "the SSA makes disability determinations for the purpose of awarding disability insurance benefits, not for the purpose of determining fitness for military duty." Appellee's Brief at 43 (citing 42 U.S.C. § 421). In its decision, the BCNR addressed the VA determination and explained that it was not bound by the VA's determination, and it "was not persuaded that [Lewis was] unfit for service by reason of physical disability at the time of [his] discharge." App. at 120-21. We affirm the Claims Court holding that the BCNR did not err by considering and finding the other agencies determinations unpersuasive.

Furthermore, Lewis asserts that the BCNR's determination that there was no error or injustice in his general discharge for personality disorder is not supported by substantial evidence. On appeal, he argues that substantial evidence in the administrative record demonstrates that he did not suffer from a personality disorder. Lewis

contends that his diagnosis of post traumatic stress disorder renders him unfit to perform his duties and points to his placement on Temporary Limited Duty as further evidence he was unfit to serve.

A service member may be separated from service "based on a clinical diagnosis of a personality disorder" if their "ability to function effectively in the naval environment is significantly impaired . . . ." MILPERSMAN Article 1910-122. A personality disorder may make one administratively unable to perform duties rather than medically or physically unfit to perform duties. SECNAVINST 1850.4D § 2016. A diagnosis of disease or injury does not prevent separation for other reasons unless the member was found physically or medically unfit to perform duties. SECNAVINST 1850.4D §§ 3202(c) and 3202(g). Temporary Limited Duty is "for cases in which the prognosis is that the member can be restored to full duty within the specified period." SECNAVINST 1850.4D § 2081. Lewis was diagnosed with a personality disorder on multiple occasions by several doctors, but he was never deemed unfit for service. App. at 33, 35, 36, 42, 44, 49-53, 92-93, 96, 114. The record contains no evidence to the contrary. The Claims Court held that the BCNR's decision was supported by the record. *Lewis*, 2009 WL 5549354, at *4. We agree. Whatever traumas Lewis may have experienced while in the Navy, the record is clear that he was discharged solely because of his diagnosed personality disorder.

III.

Accordingly, the judgment of the Claims Court is AFFIRMED.