NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD RALPH MALCOLM,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2018-1884

---

Appeal from the United States Court of Federal Claims in No. 1:17-cv-01417-EGB, Senior Judge Eric G. Bruggink.

---

Decided: October 3, 2018

---

RICHARD RALPH MALCOLM, Miramar, FL, pro se.

ANDREW JAMES HUNTER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by DEBORAH ANN BYNUM, ROBERT EDWARD KIRSCHMAN, JR., CHAD A. READLER.

---

Before O'MALLEY, CHEN, and STOLL, *Circuit Judges.*

PER CURIAM.

Richard Ralph Malcolm appeals from the judgment of the United States Court of Federal Claims ("Claims Court"), which affirmed the Board for Correction of Naval Records' ("Board") decision denying Malcolm's requests for retirement disability and an upgrade in discharge status. *Malcolm v. United States*, No. 17-1417C, 2018 WL 1770525 (Fed. Cl. Apr. 12, 2018). Because we agree with the Claims Court that the Board's decision was not arbitrary, capricious, contrary to law, or unsupported by substantial evidence, we *affirm*.

## BACKGROUND

Malcolm served in the Navy from February 2002 to December 2002. On August 8, 2002, Malcolm reported for duty aboard the USS Abraham Lincoln. During his period of service, Malcolm's conduct resulted in several non-judicial punishments, including punishments such as reduction in rank and temporary forfeiture of pay. Malcolm was also punished for sexually harassing a female airwoman and for multiple incidences of failure to report for duty. Malcolm's commanding officer, Commander Haas, described Malcolm's behavior as "oriented around getting himself discharged from the Navy." J.A. 220.

Malcolm made multiple contemporaneous visits to the medical examiner during this time, in which he complained of headaches, dizziness, and general occupational dissatisfaction. Such visits often ended with Malcolm no longer complaining of headaches and refusing medication because he claimed that his headaches were due only to "high levels of stress" and "extreme job dissatisfaction." J.A. 304, 307. During one visit, the examiner reported that Malcolm "went to command and declared he is gay to facilitate separation." J.A. 302. During another visit, Malcolm stated that the Navy would "have to send [him]

off the ship eventually if [he] keep[s] coming back" for examinations, that he "would do whatever it takes," and that he "know[s] how it works, [the Navy] will have to send [him] somewhere if [they] can't take care" of his headaches. J.A. 294. On November 20, 2002, the Navy notified Malcolm that it would commence separation proceedings against him for serious misconduct. Malcolm waived his rights to counsel, to review documents, and to request a hearing before an administrative board. Accordingly, the Navy discharged Malcolm on December 5, 2002 without an administrative hearing and under "other than honorable" conditions.

Over ten years later, in April of 2013, Malcolm was diagnosed with bipolar disorder. As a result of this diagnosis, Malcolm initiated a number of proceedings seeking various forms of relief related to his time aboard the USS Abraham Lincoln. First, on May 14, 2013, Malcolm submitted an application to the Board requesting that his discharge be upgraded to "honorable" and that his disciplinary records be expunged because his bipolar disorder caused bad and compulsive behavior and "made his continued service untenable." *Malcolm*, 2018 WL 1770525, at *2. The Board denied his requests, finding that Malcolm's "service records were replete with misconduct that warranted his 'other than honorable' discharge and finding that the 2013 bipolar disorder diagnosis had no bearing on plaintiff's mental health at the time of discharge 10 years prior." *Id.*

On March 31, 2014, Malcolm submitted another similar request to the Board, claiming that he was denied adequate medical and psychiatric care and was bullied by service personnel despite complying with all rules and regulations. The Board again denied his request, finding insufficient evidence to demonstrate that Malcolm suffered from bipolar disorder or was denied treatment during his period of service.

Malcolm appealed the second denial to the Claims Court, "seeking the correction of his naval records to reflect an 'honorable' discharge, a concomitant award of back pay, and an award of disability retirement pay." *Malcolm v. United States*, 690 F. App'x 687, 688 (Fed. Cir. 2017). The Claims Court dismissed for lack of jurisdiction, finding that Malcolm's claim for back pay was time-barred, his claim for disability retirement pay was not ripe, and that, in the absence of jurisdiction over any monetary claim, it lacked jurisdiction over Malcolm's non-monetary request to change his discharge status. *Id.* Malcolm appealed the Claims Court's dismissal to this court, and we affirmed. *Id.* at 689–90.

Malcolm then submitted a third application to the Board for disability benefits. The Board requested and received an advisory opinion from the Council of Review Boards ("Council"). In a decision dated September 11, 2017, the Board, upon recommendation of the Council, denied Malcolm's request. The Board and the Council found insufficient evidence to support a diagnosis of bipolar disorder at the time of Malcolm's service, were unable to "draw a nexus between the 2013 diagnosis and [his] symptoms in 2002," and noted that, even if Malcolm had been referred to a Disability Evaluation System at the time, his administrative separation proceedings would have superseded that referral. *Malcolm*, 2018 WL 1770525, at *3.

Malcolm appealed to the Claims Court. Malcolm and the government both moved for judgment on the administrative record. The Claims Court denied Malcolm's motion and granted the government's motion because it found that the Board's decision was not arbitrary and capricious and because it agreed that Malcolm "failed to carry his burden in establishing the existence of a disabling condition at the time of discharge that would have rendered him unable to appreciate the wrongfulness of his

actions." *Id.* at *4. Malcolm timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

### DISCUSSION

We review a decision of the Claims Court granting judgment on the administrative record without deference—that is, we reapply the statutory review standards applied by the Claims Court. *Chambers v. United States*, 417 F.3d 1218, 1227 (Fed. Cir. 2005). Under the appropriate standard, we do not disturb the decision of a military corrections board unless it is arbitrary, capricious, contrary to law, or unsupported by substantial evidence. *Lewis v. United States*, 476 F. App'x 240, 245 (Fed. Cir. 2012) (citing *Metz v. U.S.*, 466 F.3d 991, 998 (Fed. Cir. 2006).

Here, the Board applied the following Secretary of the Navy Instruction to deny Malcolm's request:

> A member [of the Navy] may not be held responsible for his or her acts and their foreseeable consequences if, at the time of commission of such acts, as a result of severe mental disease or defect, he or she was unable to appreciate the nature and quality or wrongfulness of the acts. A member's conditions not amounting to a lack of mental responsibility as defined above does not preclude holding a member responsible for his or her acts and their foreseeable consequences.

U.S. Dep't of Navy, Sec'y of the Navy Instr. 1850.4E, Dep't of the Navy Disability Evaluation Manual ¶ 3414.b (2002) ("SECNAVINST").

On appeal, Malcolm does not claim that the Board's application of this instruction was contrary to law. Rather, he challenges various factual findings made by the Board. Specifically, Malcolm contends that he "was clearly unfit and mentally disabled for continued Naval Service" and that he "was a danger to himself and others."

Appellant's Informal Br. at 1.  He also argues that the "trial court failed to find the cause of the constant headaches" and "did not address the issue of psychosis and long standing mental psychosis," and that the Navy failed "to facilitate maximum treatment" and "to recognize the sy[mp]toms of schizophrenia." Appellant's Informal Br. at 1.

None of Malcolm's arguments demonstrate that the Board's decision is arbitrary or capricious or that its findings are unsupported by substantial evidence.  Rather, the Board reasonably applied its own instruction and made ancillary factual findings that: (1) Malcolm had not proven that he suffered from bipolar disorder or schizophrenia[1] in 2002—the time of the misconduct, and, (2) even if he had, his medical evaluations at that time indicate that he had the mental capacity to appreciate the nature and quality and wrongfulness of his actions.  As discussed below, substantial evidence supports these findings.

First, substantial evidence supports the Board's finding that Malcolm failed to prove that he suffered from bipolar disorder or schizophrenia in 2002.  That year, two mental health providers evaluated Malcolm on two sepa-

---

[1]    While Malcolm was diagnosed with bipolar disorder in 2013, the record does not indicate that he was ever diagnosed with schizophrenia.  Nevertheless, Malcolm continues to refer to schizophrenia on appeal, likely as an additional ground for upgrading his discharge status.  As explained herein, Malcolm fails to meet his burden of demonstrating that he suffered from schizophrenia in 2002 for the same reasons he fails to demonstrate that he suffered from bipolar disorder at that time.  Therefore, Malcolm's references to schizophrenia do not change our conclusion that the Board did not err in denying Malcolm's request.

rate occasions, five months apart. Both providers concluded that Malcolm did not suffer from bipolar disorder or schizophrenia and suffered only from symptoms of "Occupational Problems." J.A. 14. Indeed, Malcolm scored a 70 out of 100 at that time on the Global Assessment of Functioning Scale used by medical professionals to rate the severity of a mental diagnosis. Medical notations accompanying these evaluations indicated that Malcolm "still possessed good judgment, insight and impulse control." J.A. 14. Moreover, the Board found no medical evidence demonstrating a nexus between Malcolm's 2013 diagnosis of bipolar disorder and his symptoms from 2002. Therefore, substantial evidence supports the Board's finding that Malcolm failed to prove that he suffered from bipolar disorder in 2002 when the misconduct occurred.

Second, substantial evidence also supports the Board's finding that, assuming Malcolm "was suffering from a bipolar disorder in 2002, the record contains no evidence upon which to reach the conclusion that his bipolar condition rendered him 'unable to appreciate the nature and quality or the wrongfulness of the acts' that le[]d to his discharge." *Malcolm*, at 2018 WL 1770525, at *4 (quoting SECNAVINST 1850.4E ¶ 3414.b); *see also* J.A. 14–15. Specifically, the medical findings made in 2002 demonstrate that Malcolm was "mentally responsible" for his actions and possessed good judgment, insight, and impulse control. J.A. 14–15. Therefore, substantial evidence supports the Board's alternate finding that Malcolm "would not have qualified for a disability discharge even if evidence of a compensable disability condition[, such as bipolar disorder or schizophrenia,] existed in 2002."[2] J.A. 14.

---

[2] As noted by the Claims Court, the Board appears to have provided an additional alternate reason for deny-

CONCLUSION

For the reasons stated above, we conclude that the Claims Court did not err in finding that the Board's decision was not arbitrary, capricious, contrary to law, or unsupported by substantial evidence. Therefore, we *affirm*.

**AFFIRMED**

COSTS

No costs.

---

ing Malcolm's request. The Board explained that, because Malcolm "was administratively processed for misconduct that ultimately led to [his] separation with an Other than Honorable characterization of service, the Board determined that [he was] not eligible for disability processing" "based on Department of Navy disability regulations[, SECNAVIST 18504E ¶ 1002.b,] that mandate misconduct processing take precedence over disability processing." J.A. 15. We disagree with the Board's reasoning on this point insofar as it indicates that SECNAVIST 18504E ¶ 1002.b applies regardless of whether a member is found "unable to appreciate the nature and quality or wrongfulness of the acts" under SECNAVINST 1850.4E ¶ 3414.b. Rather, we agree with the Claims Court's finding that, although the Navy's regulations "mandate[] that misconduct discharge proceedings take precedence over processing for disability, the case does not necessarily end" there because a plaintiff "might be able to establish eligibility for benefits [under SECNAVINST 1850.4E ¶ 3414.b] despite the misconduct discharge." *Malcolm*, 2018 WL 1770525, *3. Here, Malcolm would not have been able to establish eligibility for benefits, despite the misconduct charge because, as noted above, he failed to satisfy the requirements set out in SECNAVINST 1850.4E ¶ 3414.b.