NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ERIC UNDRA ALLEN,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2013-5108

---

Appeal from the United States Court of Federal Claims in No. 13-CV-0339, Judge Lynn J. Bush.

---

Decided: October 16, 2013

---

ERIC UNDRA ALLEN, of Five Points, Alabama, pro se.

MEEN GEU OH, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and FRANKLIN E. WHITE, JR., Assistant Director.

---

Before LOURIE, DYK, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Eric Undra Allen ("Allen") appeals from the decision of the United States Court of Federal Claims ("Claims Court") dismissing his complaint for lack of jurisdiction and denying his motion to transfer. *Allen v. United States*, No. 13-339 C (Fed. Cl. June 7, 2013) ("Opinion"). Because the court did not err in dismissing Allen's complaint and denying the motion to transfer, we *affirm*.

## BACKGROUND

Allen previously filed suit against various health care providers in the United States District Court for the Middle District of Alabama. *See Allen v. E. Ala. Med. Ctr.*, No. 3:12-cv-485-MHT-SRW, 2012 WL 5505084 (M.D. Ala. Nov. 13, 2012). The district court dismissed that complaint, finding that Allen had not alleged facts sufficient to state a claim. *Allen*, 2012 WL 5505084, at *1 (M.D. Ala. Nov. 13, 2012). Allen did not appeal that decision to the Eleventh Circuit. Opinion at 2.

Allen next filed suit in the Claims Court seeking damages from the United States based on alleged improper actions of district court officials, including the chief judge, the district court judge, the chief magistrate judge, and the clerk of the court. *Id.* He alleged that the district court's dismissal of his complaint deprived him of the opportunity to fully litigate and possibly settle his claims, leading to new violations of various constitutional amendments, statutes, and court rules. *Id.* at 4–6. Allen sought an award of $800,000,000.00. *Id.* at 2.

The Claims Court reviewed Allen's claims but found that none of the alleged violations was tied to an underlying money-mandating provision of law that would support the Claims Court's jurisdiction under the Tucker Act. *Id.* at 6. Specifically, the court found that the protections provided by the Fourth, Fifth, and Fourteenth Amendments were not money-mandating. *Id.* at 4. Additionally,

the court found that the Americans with Disabilities Act of 1990 (ADA) and the Alternative Dispute Resolution Act of 1998 (ADR Act) were not money-mandating. *Id.* at 5. Allen also cited alleged violations of various district court rules and procedures in the administration of his case, which the Claims Court found were also not money-mandating. The court thus found that it lacked jurisdiction because Allen had failed to base his claims on money-mandating statutes and accordingly dismissed his case. *Id.* at 6. The Claims Court also denied Allen's motion to transfer, finding that transfer was not in the interest of justice. *Id.* at 7.

Allen appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

Whether the Claims Court possesses jurisdiction over a claim is a question of law subject to *de novo* review. *Western Co. v. United States*, 323 F.3d 1024, 1029 (Fed. Cir. 2003). We review the denial of a motion to transfer for an abuse of discretion; however, issues of law related to that motion are reviewed *de novo*. *Zoltek Corp. v. United States*, 672 F.3d 1309, 1314 (Fed. Cir. 2012)

Allen argues that the Claims Court possesses subject matter jurisdiction over claims for monetary relief based on the Constitution and various statutes. He also asserts that granting his motion to transfer would have been in the interest of justice. The government responds that the Claims Court correctly addressed each of the statutory and constitutional bases that Allen asserted for subject matter jurisdiction, and found that none of them was money-mandating. The government also contends that the Claims Court properly concluded that transfer of Allen's case was not in the interest of justice.

We agree with the government. The Tucker Act, 28 U.S.C. § 1491, limits the jurisdiction of the Claims Court

to claims for money damages against the United States based on sources of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (internal quotation marks omitted). Here, the Claims Court properly determined that none of the alleged violations was tied to money-mandating statutes or provisions of law, leaving the Claims Court with no jurisdiction to hear Allen's claims.

Allen relied on the Fourth, Fifth, and Fourteenth Amendments in his amended complaint, but none of those provisions provides jurisdiction under the Tucker Act. *See Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (finding Fourth Amendment claims outside of Claims Court's Tucker Act jurisdiction); *Carruth v. United States*, 627 F.2d 1068, 1081 (Ct. Cl. 1980) (finding the Fifth Amendment's due process and equal protection clauses not money-mandating); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (finding suits alleging violations of the Fourteenth Amendment outside Claims Court jurisdiction because it does not mandate payment of money by the government).

Allen additionally alleged that district court officials violated his rights under the ADA, but the ADA is not a money-mandating source of law. *See Searles v. United States*, 88 Fed. Cl. 801, 805 (2009) (dismissing complaint because, among other things, the Claims Court has no jurisdiction over claims under the Americans with Disabilities Act). Allen also relied on the ADR Act, but the Claims Court correctly noted that the ADR Act has never been held to be money-mandating and that the statute cannot be read to compel the payment of money damages by the United States. *See* 28 U.S.C. §§ 651–58 (offering no basis for money damages against the United States).

Regarding Allen's motion to transfer, the Claims Court was well within its discretion to deny that motion.

The Claims Court found that there was no obvious statute of limitations problem barring Allen from filing a new suit in the district court. Opinion at 7. The court also noted that Allen's complaint appeared to fail to state a claim upon which relief could be granted. *Id.* For those reasons, the court held that it would not be in the interest of justice to transfer a case that had "virtually no chance of success and a significant chance of consuming plaintiff's financial resources." *Id.* The Claims Court thus was well within its discretion to deny the motion to transfer and we see no reason to disturb that holding.

We have considered Allen's remaining arguments and conclude that they are without merit. For the foregoing reasons, the decision of the Claims Court is

**AFFIRMED**

COSTS

No costs.