NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JENNIFER GUSKIN,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2019-1528

---

Appeal from the United States Court of Federal Claims in No. 1:18-cv-01712-EGB, Senior Judge Eric G. Bruggink.

---

Decided: June 5, 2019

---

JENNIFER GUSKIN, Reisterstown, MD, pro se.

DOUGLAS T. HOFFMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM.

---

Before REYNA, WALLACH, and TARANTO, *Circuit Judges.*

PER CURIAM.

Appellant Jennifer Guskin sued Appellee United States ("Government") in the U.S. Court of Federal Claims. *Guskin v. United States*, No. 18-1712C (Fed. Cl. Jan. 29, 2019) (S.A. 2–4).[1]  Ms. Guskin sought "an order requiring various state and local agencies in Baltimore, Maryland to return [her] daughter to her and for an award of damages for the financial harm as well as pain and suffering caused by the removal of her daughter from her custody."  S.A. 2. She also sought "the release of [her daughter's] medical records" and "sanctions against doctors and social workers involved in the custody dispute."  S.A. 2.  The Court of Federal Claims granted the Government's motion to dismiss, holding it lacked subject-matter jurisdiction to entertain her Complaint.  S.A. 3; *see* S.A. 1 (Judgment).  Ms. Guskin appeals.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3) (2012).

"We review the Court of Federal Claims' decision to dismiss a case for lack of subject[-]matter jurisdiction de novo." *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013) (citation omitted).  Pursuant to the Tucker Act, the Court of Federal Claims has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  The Tucker Act, however, "does not create a substantive cause of action," and instead requires the plaintiff to identify a "money-mandating" source of law,

---

[1]    S.A. refers to the Government's Supplemental Appendix attached to its response brief.  Because the underlying complaint was filed under seal, we cite to the Court of Federal Claims' recitation of the allegations in the Complaint, as provided in its publicly issued dismissal order.

i.e., "a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part). For a source of substantive law to be money-mandating, it must be "reasonably amenable to the reading that it mandates a right of recovery in damages" against the Government. *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003). Moreover, we generally interpret the pleadings of a pro se plaintiff liberally. *See Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005).

The Court of Federal Claims did not err in determining that it lacked subject-matter jurisdiction over the Complaint. The Complaint alleges wrongdoing by several state and local agencies. *See* S.A. 2. However, the Tucker Act confers the Court of Federal Claims with jurisdiction to consider only claims "against the United States." 28 U.S.C. § 1491(a)(1); *see United States v. Sherwood*, 312 U.S. 584, 588 (1941) (recognizing, under the Tucker Act, "if the relief sought is against others than the United States[,] the suit as to them must be ignored as beyond the jurisdiction of the [Court of Federal Claims' predecessor]" (citations omitted)); *Trevino v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014) (holding the Court of Federal Claims "lacks jurisdiction over . . . claims against states, localities, state and local government officials . . . , or state employees").

In addition, Ms. Guskin has failed to identify a money-mandating source of law for her remaining claims against the United States. For instance, she identifies violations of her "privacy and due process rights afforded by the Fourth, Fifth, and Fourteenth Amendments," S.A. 3, but none of these constitutional provisions are money-mandating, *see Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("[T]he Fourth Amendment does not mandate the payment of money for its violation." (citation omitted)); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (explaining that the "Due Process Clauses of the Fifth and Fourteenth Amendments . . . do not mandate

payment of money by the [G]overnment"). Similarly, while the Complaint alleges a violation of the Americans with Disabilities Act ("ADA"), "the ADA is not a money-mandating source of law" under the Tucker Act. *Allen v. United States*, 546 F. App'x 949, 951 (Fed. Cir. 2013); *see* Pub. L. No. 101-336, 104 Stat. 327 (1990) (codified at 42 U.S.C. §§ 12101–213). On appeal, Ms. Guskin further explains that her Complaint is about the "humanitarian crisis" of "child trafficking on a national scale," and that she is seeking, inter alia, "*criminal* charges against complicit traffickers across the country." Appellant's Br. 1 (capitalization modified). However, the Court of Federal Claims "has no jurisdiction to adjudicate any claim whatsoever under the federal criminal code." *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994).

Ms. Guskin has failed to allege a claim cognizable under the Court of Federal Claims' jurisdiction, and we may not excuse this failure. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) (explaining that we may not "take a liberal view of [a] jurisdictional requirement and set a different rule for pro se litigants only" (italics omitted)); *see Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995) (recognizing that a party's pro se status does not excuse failures in a complaint). We have considered Ms. Guskin's remaining arguments and find them unpersuasive. Accordingly, the Judgment of the U.S. Court of Federal Claims is

**AFFIRMED**

Costs

No costs.