NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DANNY JOE HIRSCHFIELD, I,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2024-1338

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-02058-CNL, Judge Carolyn N. Lerner.

---

**ON MOTION**

---

PER CURIAM.

### O R D E R

The United States moves to summarily affirm the judgment of the United States Court of Federal Claims dismissing Danny Joe Hirschfield, I's complaint. Mr. Hirschfield has not responded to the motion.

Mr. Hirschfield's sprawling complaint asserts claims against several states, government agencies and officials, and "[f]ederal, state, local, county and corporate entities,"

alleging violation of the Freedom of Information Act, 42 U.S.C. § 1983, "the Americans with Disability Act of 1998," "Title 22 U.S. Code § 2304," Complaint at 1–2, and "negligence" during a "previous civil case filed in the United States Courts District of Columbia," which "was dismissed." *Id.* at 2. The Court of Federal Claims *sua sponte* dismissed for lack of jurisdiction. This appeal followed.

The Tucker Act, 28 U.S.C. § 1491, grants the Court of Federal Claims jurisdiction only over claims for money damages "not sounding in tort" against the United States based on sources of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (citation omitted). Thus, the Court of Federal Claims clearly was correct that it lacks jurisdiction over tort claims or claims against states and entities other than the United States.

The Court of Federal Claims was also clearly correct that it lacks jurisdiction over Mr. Hirschfield's claims for damages under § 1983, *Shelden v. United States*, 742 F. App'x 496, 501–02 (Fed. Cir. 2018); the Americans with Disabilities Act", *Allen v. United States*, 546 F. App'x 949, 951 (Fed. Cir. 2013); the Freedom of Information Act, *see* 5 U.S.C. § 552(a)(4)(B); and section 2304, which is clearly not money mandating. Lastly, the Court of Federal Claims clearly lacks jurisdiction to review decisions of federal district courts. *Petro-Hunt, L.L.C. v. United States*, 862 F.3d 1370, 1384–85 (Fed. Cir. 2017); *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015); *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001); *Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001).

We thus agree that summary disposition is appropriate here because there is no "substantial question regarding the outcome" of the appeal. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (citation omitted).

HIRSCHFIELD v. US 3

Accordingly,

IT IS ORDERED THAT:

(1) The United States's motion for summary affirmance is granted, and the judgment of the United States Court of Federal Claims is affirmed.

(2) Each side shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

May 3, 2024
Date