NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANTHONY ROMERO HORN, SR.,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2024-1054

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-00509-MRS, Judge Molly R. Silfen.

---

Decided:  June 7, 2024

---

ANTHONY ROMERO HORN, SR., Bessemer, AL, pro se.

KARA WESTERCAMP, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY.

---

Before STOLL and CUNNINGHAM, *Circuit Judges*, and CECCHI, *District Judge*.[1]

PER CURIAM.

Anthony Romero Horn, Sr. appeals from a final decision by the United States Court of Federal Claims dismissing his complaint for lack of jurisdiction. *Horn v. United States*, No. 23-509 C, 2023 WL 6182544 (Fed. Cl. Sept. 22, 2023) ("*Decision*"). Because the Court of Federal Claims properly dismissed the complaint, we affirm.

## BACKGROUND

Mr. Horn filed the present suit against the United States in the Court of Federal Claims seeking monetary relief from a District of Columbia family court order requiring Mr. Horn to pay child support. In his complaint, Mr. Horn raised several constitutional, criminal, and state law claims alleging that: (1) "he was not properly served papers by the court in his child support case"; (2) "his case was overseen by a magistrate judge, who, [he] argues, [did] not have the constitutional authority to rule on [his] case"; and (3) "various local and municipal staff members committed criminal acts" against him. *Decision*, 2023 WL 6182544, at *1. The Court of Federal Claims concluded it lacked jurisdiction over Mr. Horn's complaint as his claims were not filed within the six-year statute of limitations as required by 28 U.S.C. § 2501. Further, the court explained that it lacked subject matter jurisdiction over all of Mr. Horn's claims, including (1) his claims alleging criminal conduct; (2) his claims against defendants other than the federal government; and (3) his claims under the First,

---

[1] Honorable Claire C. Cecchi, District Judge, United States District Court for the District of New Jersey, sitting by designation.

Fourth, Sixth, and Fourteenth Amendments, which are not money-mandating.

Mr. Horn appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Court of Federal Claims' dismissal for lack of jurisdiction de novo. *Waltner v. United States*, 679 F.3d 1329, 1332 (Fed. Cir. 2012). Any "[f]indings of fact relating to jurisdictional issues are reviewed for clear error." *Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023).

The Tucker Act provides that: "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. The statute of limitations is a jurisdictional requirement that cannot be waived. *See John R. Sand & Gravel Co. v. United States*, 457 F.3d 1345, 1355 (Fed. Cir. 2006).

After analyzing Mr. Horn's arguments, we conclude that the trial court did not err in holding that Mr. Horn's claims are time-barred under the Tucker Act. Mr. Horn's complaint stems from his "child support order that was entered sometime before November 21, 2008," and the resulting loss of his vehicle in 2014 "allegedly due to his inability to satisfy his child support obligations." *Decision*, 2023 WL 6182544, at *4. The six-year time-limit of § 2501 "commences to run when claimants know or should know of their potential claims" and, here, more than six years have passed from the time Mr. Horn knew or should have known of these claims to the filing of Mr. Horn's complaint. *Shemonsky v. United States*, 215 F.3d 1340, 1999 WL 542849, at *1 (Fed. Cir. 1999) (citation omitted); *see also Shoshone Indian Tribe of Wind River Rsrv., Wyo. v. United States*, 672 F.3d 1021, 1030 (Fed. Cir. 2012) ("[U]nder § 2501, a claim does not accrue until all the events which fix the

government's alleged liability have occurred and the plaintiff was or should have been aware of their existence." (internal quotation marks and citations omitted)).  Further, to the extent that Mr. Horn argues the Court of Federal claims erred by not considering that he was unaware of the six-year time limit, the statute of limitations is not tolled by a party's lack of knowledge of the time limit.  *See Menominee Tribe of Indians v. United States*, 726 F.2d 718, 720–21 (Fed. Cir. 1984) ("It is settled . . . that 28 U.S.C. § 2501 is not tolled by the [parties'] ignorance of their legal rights." (emphasis omitted)).

Mr. Horn also seems to challenge the Court of Federal Claims' dismissal of his claims alleging constitutional violations of the Fourth, Sixth, and Fourteenth Amendments for lack of subject matter jurisdiction.[2]  We see no error in the court's dismissal.  For a party's claim to come within the subject matter jurisdiction of the Court of Federal Claims, the party "must identify a . . . source of substantive law that creates the right to money damages," or in other words, is "money-mandating."  *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citation omitted).  We have repeatedly held that the constitutional claims asserted by Mr. Horn are not money-mandating.  *See Allen v. United States*, 546 F. App'x 949, 951 (Fed. Cir. 2013) (holding that the Fourth and Fourteenth Amendments are not money-mandating and thus, do not provide jurisdiction

---

[2]    To the extent that Mr. Horn raises new issues in his appeal briefs, we do not consider these arguments because they were not raised in his submissions to the Court of Federal Claims.  As a court of appellate review, we do not consider issues raised for the first time on appeal.  *See Hitsman v. United States*, 825 F. App'x. 859, 861 (Fed. Cir. 2020) ("Ordinarily, we 'do[ ] not give consideration to issues not raised below.'" (alteration in original) (quoting *Hormel v. Helvering*, 312 U.S. 552, 556 (1941))).

under the Tucker Act); *Drake v. United States*, 792 F. App'x 916, 920 (Fed. Cir. 2019) ("The Court of Federal Claims, however, does not have jurisdiction to render judgment on claims against the United States based on the Sixth Amendment because it is not money mandating."); *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over a such a violation.").

We have considered Mr. Horn's remaining arguments and find them unpersuasive.[3] For the foregoing reasons, we affirm.

**AFFIRMED**

Costs

No costs.

---

[3] On May 9, 2024, Mr. Horn filed a petition for writ of mandamus requesting that we order the Department of Health and Human Services and the District of Columbia Department of Motor Vehicles to remove the indefinite suspension of his commercial driver's license. We do not have jurisdiction to do so. *See* 28 U.S.C. § 1295; *see also Perry v. United States*, 524 F. App'x. 680, 682 (Fed. Cir. 2013) ("A writ of mandamus is not a substitute for the regular appeal process, . . . and cannot be used [] to rectify [a party's] failure to file in the court that has jurisdiction over his claim.").