NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TAMSEN BOWLES, REGGIE BOWLES,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-2354

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-01260-DAT, Judge David A. Tapp.

---

Decided: May 13, 2025

---

TAMSEN BOWLES, Tulsa, OK, pro se.

REGGIE BOWLES, Tulsa, OK, pro se.

KATY M. BARTELMA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY.

---

Before LOURIE, DYK, and CHEN, *Circuit Judges*.

PER CURIAM.

Tamsen and Reggie Bowles appeal *pro se* from the decision of the United States Court of Federal Claims ("the Claims Court") dismissing their complaint *sua sponte* for a lack of subject matter jurisdiction. *Bowles v. United States*, No. 24-1260, 2024 WL 3861735 (Fed. Cl. Aug. 19, 2024) ("*Decision*"). For the following reasons, we *affirm*.

## BACKGROUND

The Bowles parties filed a complaint in the Claims Court seeking over $20 million in damages from the United States. S.A. 4–8.[1] The complaint alleged that they were harmed by the United States Department of Health and Human Services ("HHS") based on the department's coordination with Oklahoma state agencies to wrongfully remove their children from their custody. S.A. 5. The complaint identified 14 statutory provisions as the basis for the Claims Court's jurisdiction. S.A. 4.

The Claims Court dismissed the complaint for a lack of jurisdiction. *Decision*, at *1. In reviewing the 14 identified statutes, the Claims Court first determined that the seven provisions under Title 18 of the United States Code were criminal statutes, and thus outside its jurisdiction. *Id.* For the next provision, 22 U.S.C. § 6401, the International Religious Freedom Act, the Claims Court determined that it was not money-mandating and did not provide a private cause of action for civil litigants, and therefore must also be dismissed. *Id.* For the remaining six identified provisions under Title 42 of the United States Code, the court determined that those too failed to provide a basis for jurisdiction. *Id.* at *2. The court concluded that those

---

[1]    S.A. refers to the appendix submitted with Defendant-Appellee's brief.

provisions covered a statute regarding social security fraud with no private right of action, 42 U.S.C. § 1307, civil rights statutes without money-mandating provisions concerning the United States, 42 U.S.C. §§ 1983, 1988, and an Americans with Disabilities Act provision exclusively within the jurisdiction of the district courts, 42 U.S.C. § 12203. *Id.*

Finally, the Claims Court determined that "[i]gnoring Plaintiffs' cited statutes, an *extremely* liberal reading of their allegations may allege negligent oversight by HHS"; a tort claim expressly outside the jurisdiction of the Claims Court. *Id.* at \*2 (noting 28 U.S.C. § 1491(a)(1)'s exclusion of cases "sounding in tort"). The court therefore dismissed the complaint for a lack of subject matter jurisdiction. The Bowleses timely appealed, and we have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Claims Court's dismissal of a complaint for a lack of subject matter jurisdiction *de novo*. *Res. Conservation Grp., LLC v. United States*, 597 F.3d 1238, 1242 (Fed. Cir. 2010). Under the Tucker Act, the Claims Court has jurisdiction over certain actions for monetary relief against the United States. 28 U.S.C. § 1491. The Tucker Act itself does not create a substantive cause of action; rather, a plaintiff must identify a separate source of substantive law that is "money-mandating." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). While documents filed *pro se* are held to less stringent standards, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a *pro se* litigant still bears the burden of proving that the court possesses subject matter jurisdiction over the complaint, *Sanders v. United States*, 252 F.3d 1329, 1333 (Fed. Cir. 2001)

We see no reversible error in the Claims Court's dismissal of the complaint for a lack of subject matter jurisdiction. None of the 14 statutory provisions identified in the compliant provides the "money-mandating" source of law required under the Tucker Act. *See Joshua v. United*

*States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The [Claims Court] has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code."); 42 U.S.C. § 1307 (discussing penalties for social security fraud); 22 U.S.C. § 6401 (establishing the United States policy towards religious freedom abroad); *Allen v. United States*, 546 F. App'x 949, 951 (Fed. Cir. 2013) ("[T]he ADA is not a money-mandating source of law."); *D.C. v. Carter*, 409 U.S. 418, 424–25 (1973) (noting that civil rights statutes such as 42 U.S.C. § 1983 "[do] not reach . . . actions of the Federal Government").

On appeal, the Bowles parties do not appear to challenge the Claims Court's holding with respect to the statutes identified in their complaint. *See* Appellants' Inf. Br. at 1–3. Rather, they argue that (1) Claims Court did not appreciate that their First and Fourteenth Amendment rights were violated, *id.* at 1, (2) the Tucker Act alone "grants the Federal Claims Court jurisdiction to waive the governments sovereign immunity," *id.* at 2, and (3) "Plaintiff's entered into a federal tort" for which they "continue to seek remedy," *id.* at 2.

However, it is well established that the First and Fourteenth Amendments generally do not provide the requisite "money-mandating" source of law under the Tucker Act, *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013), *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983), and that the Tucker Act alone cannot establish the jurisdiction of the Claims Court, *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983). Furthermore, as the Claims Court correctly noted, cases "sounding in tort" are expressly excluded from its jurisdiction. 28 U.S.C. § 1491(a)(1); *see Decision*, at \*2. The arguments presented on appeal therefore do not persuade us that the Claims Court erred in dismissing their complaint for a lack of subject matter jurisdiction.

CONCLUSION

We have considered the Bowles' remaining arguments and find them unpersuasive.  For the foregoing reasons, we *affirm* the decision of the Claims Court.

**AFFIRMED**

COSTS

The parties shall bear their own costs.